TONETTI ENTERPRISES, LLC

v.

MENDON ROAD LEASING CORP.

No. 2006–195–Appeal.

Supreme Court of Rhode Island.

March 28, 2008.

---

Joseph A. Lamagna, Esq., Pawtucket, for Plaintiff.

Mark B. Morse, Esq., Providence, for Defendant.

Eric B. DiMario, Esq., Providence, for Digital Federal Credit Union.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice SUTTELL, for the Court.

The defendant, Mendon Road Leasing Corp. (Mendon Road) appeals from a Superior Court judgment denying its motion to vacate a District Court default judgment awarding the plaintiff, Tonetti Enterprises, LLC (Tonetti), possession of the premises that Mendon Road had been leasing from Tonetti. Also before the Court is an appeal by Digital Federal Credit Union (Digital) from an order denying its motion to intervene in this commercial ejectment action. For the reasons set forth in this opinion, we reverse the judgment and order of the Superior Court.

### I

### Facts and Procedural History

The appeals before this Court arise out of a lease agreement entered into by Tonetti and Mendon Road's predecessor, 99A Management Corporation,[1] for the lease of commercial property located at 1754 Mendon Road, Cumberland, Rhode Island. Under the terms of the lease agreement, lessee was to pay rent on an annual basis and was also required to pay common area maintenance (CAM) charges as additional rent at the end of each year. The lease agreement stated that at the end of each year, Tonetti would adjust the CAM charges to reflect the actual expenses incurred by Tonetti, but lessee had the right to review Tonetti's records concerning the CAM charges within sixty days of the assessment of the CAM charges. Furthermore, the lease agreement contained a clause providing that if lessee has given notice to Tonetti of the name and address

---

1. The record indicates that Hemisphere Management Corp. was the successor to 99A Management Corp., and that Mendon Road Leasing Corp. is the assignee of Hemisphere Management Corp. According to representa-

tions plaintiff made in the District Court, they "all share the same common president," Demetrios Haseotes. To avoid unnecessary confusion, we shall refer to all three entities collectively as "lessee."

of any mortgagee, Tonetti was obligated to send that mortgagee a duplicate copy of any notice that was given to lessee.

On January 4, 2002, Tonetti filed an action against Hemisphere Management Corp. in District Court claiming an arrearage in rental payments and seeking repossession of the leased premises. On February 27, 2002, the parties entered into a consent order setting forth a payment schedule for certain rental and CAM expenses, and establishing an electronic fund transfer mechanism for payments due after May 1, 2002. In the event of default, the consent order provided that Tonetti's "remedy shall be a motion for the entry of judgment of possession," with seven days notice of failure to pay to be forwarded to Hemisphere Management Corp., attention Demetrios E. Haseotes, with a copy to its two named attorneys.

Several years later, another dispute arose between landlord and tenant. On August 1, 2005, Tonetti advised Mendon Road that an audit had revealed an additional fee of $3,285.92 owing for CAM expenses. This was followed by a notice of default under the provisions of the lease and a notice of violation of the consent order sent by certified mail to Mendon Road's corporate address in New York. Copies of the notice, however, were not sent to the attorneys listed in the consent order. When these notices failed to engender payment of the disputed expenses, Tonetti forwarded to Mendon Road a notice of termination of lease by facsimile and certified mail.

On December 15, 2005, Tonetti initiated two separate actions against Mendon Road, each seeking repossession of the premises. First, Tonetti filed a motion for entry of a judgment of possession under

the provisions of the February 27, 2002 consent order. A hearing date on said motion was scheduled for January 3, 2006.[2] Secondly, Tonetti filed a new complaint against Mendon Road in District Court under G.L. 1956 § 34–18.1–9, asserting that Mendon Road had defaulted in the payment of rent, additional rent, CAM charges, and/or taxes under the terms of the lease.

The summons was served on Demetrios B. Haseotes in Cumberland, Rhode Island, on December 27, 2005. The summons stated that the appearance date was set for 9 a.m. on January 4, 2006, and in bold print, "If you fail to appear on the date stated below, judgment by default will be taken against you for the relief demanded in the complaint."

Mr. Haseotes accepted service of process. However, he is not the president of defendant corporation; rather, it is his son, Demetrios E. Haseotes who is president. Nevertheless, Mendon Road's attorney submitted an affidavit stating that at some time between December 27, 2005, and January 3, 2006, Demetrios E. Haseotes contacted him and forwarded him a copy of the complaint. Mendon Road responded to the complaint on January 3, 2006, with an answer denying that it had defaulted under the terms of the lease. Mendon Road also raised a number of affirmative defenses in its answer including accord and satisfaction, release, waiver, laches, and unclean hands, along with defenses under Rule 12 of the District Court Civil Rules for failure to state a claim upon which relief can be granted and lack of subject-matter jurisdiction. It is undisputed, however, that neither Mendon Road

---

**2.** It would appear from the record that on January 3, 2006, Tonetti's motion for entry of judgment of possession in the 2002 case was

continued to January 4, 2006, on which date it was "passed."

nor its attorney appeared in District Court on January 4, 2006.

At the hearing on January 4, 2006, plaintiff presented the testimony of its manager, Gino Tonetti, and judgment for possession was entered in its favor. On January 20, 2006, Mendon Road filed a motion to vacate entry of judgment by default, as well as a motion for stay of execution, both of which were denied. The defendant then filed a notice of appeal to the Superior Court.[3]

In its written submissions to the Superior Court, Mendon Road argued that before the hearing in District Court, it had, in fact, cured the alleged default by wiring to Tonetti's account sufficient funds to pay the CAM charges in full. Mendon Road also advanced the following arguments: (1) clerical error justified relief because the clerk of the District Court failed to note that defendant filed an answer on January 3, 2006, and incorrectly noted on the civil face sheet that "Pres Haseotes served"; (2) the judgment was void for inadequate service of process; (3) Mendon Road's failure to attend the hearing was due to excusable neglect because of a combination of inadequate service of process and confusion over hearing dates caused by the previous action Tonetti filed seeking similar relief; (4) Tonetti misrepresented to the court that defendant's president had been served, when in fact it was the president's father who was served, and further misrepresented that defendant had not paid the CAM charges when in fact the CAM charges had been paid in full on December 19, 2005, by means of electronic transfer; and (5) Mendon Road had not been provided notice under either Rule 55 or Rule 77 of the District Court Civil Rules.

On March 3, 2006, Digital filed a motion to intervene in the Superior Court asserting that it had an interest in the litigation as the holder of a leasehold mortgage of $1.55 million. Digital asserted that the outcome of Tonetti's commercial ejectment action could impair its ability to protect its property interest, and that the existing parties did not adequately represent Digital's interests. More specifically, Digital argued that if Mendon Road was unsuccessful in this litigation, its ability to continue making payments to Digital would be severely affected, as would Digital's ability to foreclose on the property, if necessary. Digital argued that it should have received all notices sent to Mendon Road under the terms of the lease agreement, but that it did not receive any of the notices sent to defendant about the default and termination of the lease agreement. Digital admitted in its memorandum supporting its motion to intervene that there was an issue of material fact about whether Tonetti received actual notice of Digital's mortgage on the leasehold, but Digital states that Tonetti had constructive notice of the mortgage because the mortgage had been recorded in the Cumberland Registry of Deeds. Therefore, Digital maintained, Tonetti should have notified Digital of the default and termination of the lease.

The motions to vacate and to intervene both were denied by the hearing justice in a written decision filed on April 18, 2006. The hearing justice rejected Mendon Road's argument that clerical error was to blame for the entry of the default judgment because its attorney stated in his affidavit that he had read the summons before the January 4, 2006 court date. Therefore, although the clerk erroneously

---

**3.** General Laws 1956 § 34–18.1–9(4) provides:

"Any aggrieved party may appeal to the superior court from a judgment of the district court by claiming such appeal in writing filed with the clerk within forty-eight (48) hours, exclusive of Sundays and legal holidays, after the judgment is entered."

recorded that defendant had been served and neglected to record that defendant had filed an answer, defendant did have notice of the hearing date. With regard to the clerk's failure to note that Mendon Road filed an answer before the hearing, the hearing justice stated it was not the clerk's failure to indicate that defendant filed an answer that caused the default judgment to be entered, rather it was defendant's failure to appear at the hearing.

Next, the hearing justice considered the argument that the default judgment was void for improper notice and insufficient service of process. She ruled that Mendon Road was not entitled to notice under either Rule 55 or Rule 77. The hearing justice found that § 34–18.1–9, a statute pertaining to commercial property evictions, applied in this case and, as a result, Tonetti was not required to provide any particular notice to Mendon Road other than by service of the summons and complaint. Further, the hearing justice found that Tonetti complied with the notice requirement contained in the lease agreement. Concerning the sufficiency of the service of process, the hearing justice agreed that proper service was not made on the corporate defendant. However, the hearing justice found that defendant waived this defense by failing to state it in its answer.

The hearing justice also disposed of Mendon Road's argument that the motion to vacate should be granted for excusable neglect. The hearing justice found that defendant knew that its answer was due on January 3, 2006, and since under § 34–18.1–9 hearings are held one day after the answer is due, defendant should have known that the hearing would be held on January 4, 2006. Thus, she determined there was an insufficient basis upon which to vacate the judgment for excusable neglect.

The hearing justice also disagreed with Mendon Road's contention that the judgment should be vacated because of misrepresentations by Tonetti. The defendant asserted that plaintiff had misrepresented that defendant had been properly served, and also that its manager had testified that defendant had not cured the default. The hearing justice found that even if Tonetti had made misrepresentations to the court, the misrepresentations did not prevent Mendon Road from fully presenting its case.

Finally, the hearing justice ruled on Digital's motion to intervene. The hearing justice found that Digital had filed its motion to intervene timely and had demonstrated that Mendon Road could not adequately represent its interests. However, the hearing justice held that Digital did not have a protectable interest in this matter. The hearing justice found that Tonetti was not required to notify Digital of plaintiff's claim because defendant had not properly notified plaintiff of Digital's interest. Although Digital claimed Tonetti had constructive notice of Digital's interest in the leasehold because Digital filed its leasehold mortgage in the Cumberland Registry of Deeds, the lease agreement required Mendon Road to notify Tonetti of Digital's interest. Because Mendon Road did not satisfy its obligation under the terms of the lease agreement, Tonetti did not have an obligation to notify Digital and, therefore, she concluded, Digital did not have a protectable interest sufficient to grant a motion to intervene.

Digital filed a motion to reconsider to the Superior Court on May 22, 2006. Noting that the Rules of Civil Procedure do not provide for a motion to reconsider, the hearing justice treated it as a motion to vacate under Rule 60(b) of the Superior Court Rules of Civil Procedure. To support its motion, Digital presented the affidavits of two lawyers stating they had

given notice to Tonetti by mail and by telephone of the name and address of Digital. The hearing justice, however, deemed these affidavits to be newly discovered evidence, which easily could have been discovered at the time of the original hearing. Thus, she ruled, the affidavits did not provide a basis for vacating her decision. An order denying Digital's motion to reconsider was entered on June 13, 2006, from which Digital timely appealed. A final judgment denying Mendon Road's motion to vacate was entered on June 16, 2006, from which it also appealed.

## II

### Mendon Road's Motion to Vacate

We first address Mendon Road's appeal from the denial of its motion to vacate the judgment by default. Rule 60(a)[4] provides for relief from judgment for clerical mistakes and Rule 60(b) allows for relief from judgment for reason of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, a void judgment, or for any other reason justifying relief. In this case, Mendon Road asserts the Superior Court should have vacated the judgment of possession on the following grounds: (1) clerical error resulted in its answer being misfiled; (2) both service of process and notice were insufficient; (3) defendant's failure to attend the hearing date was due to excusable neglect; (4) plaintiff asserted fraudulent statements and misrepresentations at the hearing; (5)

the judgment is void because defendant received no notice under either Rule 55 or Rule 77 of the District Court Civil Rules; (6) and the judgment is inequitable based on the small amount allegedly owed to plaintiff and the potential financial harm to defendant. We begin our discussion with the issue of notice under Rule 55, which we consider to be dispositive.

■ A motion to vacate under Rule 60(b) "is addressed to the trial justice's sound judicial discretion and 'will not be disturbed on appeal, absent a showing of abuse of discretion.'" *Keystone Elevator Co. v. Johnson & Wales University,* 850 A.2d 912, 916 (R.I.2004) (quoting *Crystal Restaurant Management Corp. v. Calcagni,* 732 A.2d 706, 710 (R.I.1999)). Mendon Road argued in the Superior Court, as it does before us, that it was entitled to receive notice under Rule 77(d)[5] of the District Court Civil Rules that a judgment had been entered, or, alternatively, it was entitled to notice under Rule 55 of the District Court Civil Rules that plaintiff was applying for a judgment by default.

Rule 55(b) of the District Court Civil Rules sets forth the procedure for entering a judgment by default in the District Court and provides in pertinent part:

"(b) *Judgment.* Judgment by default may be entered as follows:

"(1) * * *

"(2) *By the Court.* In all other cases . the party entitled to a judgment by de-

---

**4.** Rule 60 of both the Superior Court Rules of Civil Procedure and the District Court Civil Rules essentially are identical.

**5.** Rule 77(d) of the District Court Civil Rules provides:

"Immediately upon the entry of any order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing period. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. No notice need be served if an order or judgment is entered in open court in the presence of the parties or their counsel."

fault shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a guardian, guardian ad litem, or such other representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper."

■ In rejecting Mendon Road's arguments, the Superior Court hearing justice held that Rule 77(d) did not apply because default judgment was entered against defendant specifically for its failure to appear at the hearing, rather than for its apparent failure to file an answer. Because Rule 77(d) of the District Court Civil Rules excepts from its notice provision parties who are "in default for failure to appear," she concluded Mendon Road was not entitled to Rule 77 notice. She also held that the three-day notice requirement of Rule 55 did not apply because it was "trumped by the specific statute pertaining to commercial evictions for delinquency of rent-G.L. 1956 § 34–18.1–9."[6] We deem such conclusions to be error.

It is uncontroverted that Mendon Road timely filed an answer to Tonetti's complaint on January 3, 2006. In accordance with the applicable statute concerning actions for repossession of leased commercial properties, a hearing was scheduled for January 4, 2006. The date of the hearing was stated on the summons, along with a notation that a judgment by default would be entered if defendant failed to appear. It is true that the summons was served on the wrong individual; nevertheless, we give great deference to the Superior Court hearing justice's finding that Mendon Road did receive actual notice of the hearing date, albeit in an indirect manner. It is clear from the record, however, that on that hearing date Mendon Road's answer was not in the court file, nor had Tonetti

---

6. Section 34–18.1–9 provides in relevant part: "**Delinquency in rent—Repossession by ejectment—Judgment.**—(a) All suits for possession of lands, buildings or parts of buildings covered by this chapter shall be by the ordinary process of actions for possession or otherwise as provided by law. ·

"(b)(1) If, in any case of a letting covered by this chapter, whether by writing or parol, the stipulated rent, or any part of the same, be due and in arrear for a period of fifteen (15) days, whether demanded or not, the landlord or reversioner wishing to repossess him or herself of the lands, building or parts of buildings let, or recover possession of the same from the tenant, or any person holding under him or her, shall, without the necessity of notice, institute a trespass and action for possession in the district court where the premises are situated, and in this action the court may award a plaintiff judgment for possession and for all rent due plus costs.
" ⁎ ⁎ ⁎

"(3) Answer to the summons and complaint shall be made within seven (7) days of the service upon the defendant. The action shall be heard on the next court day following the seven (7) day period, and shall take precedence on the calendar. If no answer is filed within the time prescribed, judgment shall enter forthwith.
" ⁎ ⁎ ⁎

"(5) All such court actions shall have precedence on the calendar and shall continue to have precedence on the calendar on a day-to-day basis until the matter is heard."

received a copy of same. Unaware that defendant had, in fact, filed a responsive pleading, the District Court trial judge proceeded with the hearing, after which she entered judgment in Tonetti's favor.

On appeal, the Superior Court hearing justice concluded that judgment was entered properly by default because of Mendon Road's failure to appear at the January 4, 2006 hearing. The entry of judgment by default in this case is governed by Rule 55(b) of the District Court Civil Rules, which requires three days notice of the hearing on an application for default. The hearing justice held, however, that the Rule 55 provisions did not apply in this case because they were trumped by the statutory provisions of § 34–18.1–9. We disagree.

■ We are of the opinion that Mendon Road was entitled to receive written notice under Rule 55 three days before a hearing on an application for entry of judgment by default, notwithstanding the specific statutory provision of § 34–18.1–9. "It is well established that in situations in which a statute and a rule approved by the Rhode Island Supreme Court are in conflict, the court rule prevails." *Heal v. Heal,* 762 A.2d 463, 467 (R.I.2000). *See also* G.L. 1956 § 8–6–2(a) ("The rules of the superior, family, district court and the traffic tribunal shall be subject to the approval of the supreme court. Such rules, when effective, shall supersede any statutory regulation in conflict therewith.").

■ Rule 55(b)(2) of the District Court Civil Rules provides that a "party entitled to a judgment by default shall apply to the court therefor;" and it further provides in pertinent part "[i]f the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the applica-

tion for judgment at least three (3) days prior to the hearing on such application." It was clear from the record before the Superior Court that Mendon Road had filed an answer, and thus had "appeared" for purposes of the rule. "The appearance required by the rule has been broadly defined and not limited to a formal court appearance." *Medeiros v. Hilton Homes, Inc.,* 122 R.I. 406, 410, 408 A.2d 598, 600 (1979); *see also Muniz v. Vidal,* 739 F.2d 699, 700 (1st Cir.1984) ("The defaulting party 'has appeared,' for purposes of this rule, if he has 'indicated to the moving party a clear purpose to defend the suit.'") (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691 (D.C.Cir. 1970)); *Pollins v. McGovern,* 110 R.I. 186, 188–89, 291 A.2d 418, 420 (1972) ("[I]t is clear from the record that defendant answered the case and that the case must be, therefore, considered as coming within the provision of Rule 55 * * * and defendant was entitled to the written notice of the application for judgment by default at least three days prior to the hearing on the application.").

Further, this Court has said that "default judgments are void if the moving party does not comply with the requirements for providing notice of the pending entry of the default." *Allstate Insurance Co. v. Lombardi,* 773 A.2d 864, 869 (R.I. 2001); *see also Pollins,* 110 R.I. at 189, 291 A.2d at 420 ("plaintiff did not comply with that provision of Rule 55 which is essential to the acquisition of jurisdiction by the District Court to enter the default judgment").

In *Valley Heating & Cooling, Inc. v. Bernard/Pocasset Investment Group, L.L.C.,* 779 A.2d 647, 648 (R.I.2001) (mem.), the plaintiff asserted a claim for the balance of the agreed upon contract ·price and sought to enforce a mechanic's

lien. The defendant in that case filed a timely objection, answer, and counterclaim, but failed to appear at the hearing. *Id.* The hearing justice defaulted the defendant for failure to appear and, thereafter, the defendant moved to vacate the default judgment under Rule 60(b). *Id.* The hearing justice denied the defendant's request. *Id.* On appeal, this Court reversed stating that "[b]ecause the defendant in this case had appeared and answered the case, it was entitled to proper notice before the entry of default judgment." *Id.*

■ Judgment by default "is a drastic remedy which should only be employed in extreme situations," *Medeiros,* 122 R.I. at 410, 408 A.2d at 600; it runs counter to the salutary goal of disposing of cases on their merits rather than on procedural deficiencies. *Gosset v. Reid,* 764 A.2d 138, 140 (R.I.2001); *Hyszko v. Barbour,* 448 A.2d 723, 726 (R.I.1982). The requirement of three days notice under Rule 55(b)(2) "seeks to insure fairness by affording notice to a party who has expressed an interest in defending the suit brought against him." *Medeiros,* 122 R.I. at 410, 408 A.2d at 600. In this case, Mendon Road filed a timely answer and asserted affirmative defenses, including a claim that the monies allegedly owed had, in fact, been paid. It is our opinion that Mendon Road was entitled to notice under Rule 55(b)(2) of the hearing for entry of judgment by default, and further that the hearing justice should

have granted relief under Rule 60(b)(4) of the Superior Court Rules of Civil Procedure[7] for reason that the judgment so entered was void.

Accordingly, we reverse the Superior Court judgment denying Mendon Road's motion to vacate the judgment of possession in favor of Tonetti. Having done so, we need not address Mendon Road's remaining arguments on appeal.

## III

### Digital's Motion to Intervene

We now turn to Digital's appeal from the denial of its motion to intervene. Digital asserts that the hearing justice erred in denying its motion to intervene in this case. Specifically, Digital maintains that the Superior Court misapplied the law in determining that Digital did not have a "protectable interest" in the case for purposes of intervention as of right under Rule 24(a)(2) of the Superior Court Rules of Civil Procedure.

Intervention as of right is governed by Rule 24(a)(2).[8] Under Rule 24(a)(2), an applicant will be granted intervention as of right if the applicant files a timely application (a factor not challenged here), the applicant claims an interest relating to the property or transaction which is the subject matter of the action, the disposition of the action may as a practical matter impair or impede the applicant's ability to protect

---

7. Rule 60(b)(4) of the Superior Court Rules of Civil Procedure provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: \* \* \* (4) the judgment is void[.]"

8. Rule 24(a) of the Superior Court Rules of Civil Procedure reads:
 "(a) *Intervention of Right.* Upon timely application anyone shall be permitted to inter-

vene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

that interest, and the applicant's interest is not adequately represented by current parties to the action (a factor also not challenged here). If the applicant satisfies these four criteria, then the applicant "shall be permitted to intervene." *Id.; see Stringfellow v. Concerned Neighbors in Action,* 480 U.S. 370, 382 n. 1, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987).

Rhode Island precedent on this point is sparse. Since the 1995 amendment aligning Rule 24(a) with its federal counterpart, this Court has addressed this rule twice. *See Credit Union Central Falls v. Groff,* 871 A.2d 364, 366 (R.I.2005) (granting intervention to a party that demonstrated a particularized interest in funds in a client trust account); *Direct Action for Rights and Equality v. Gannon,* 713 A.2d 218, 221–22 (R.I.1998) (affirming the trial justice's denial of intervention after final judgment as untimely). While *Credit Union Central Falls* does provide some guidance, since Rhode Island precedent is limited, we may properly look to the federal courts for guidance. *Crowe Countryside Realty Associates, Co., LLC v. Novare Engineers, Inc.,* 891 A.2d 838, 840 (R.I.2006) ("where the federal rule and our state rule of procedure are substantially similar, we will look to the federal courts for guidance or interpretation of our own rule") (quoting *Smith v. Johns–Manville Corp.,* 489 A.2d 336, 339 (R.I.1985)); *Kirios v. Arsenault,* 632 A.2d 15, 16–17 (R.I.1993).

■ An intervenor's interest in the litigation must be "significantly protectable" for intervention to be allowed. *Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971) (stating when Fed.R.Civ.P. Rule 24(a)(2) speaks of " 'an interest relating to the property or transaction which is the subject of the action [ ]' [w]hat is obviously meant there is a significantly protectable interest"). An intervenor's interest must

bear a " 'sufficiently close relationship' to the dispute between the original litigants" and the "interest must be direct, not contingent." *Conservation Law Foundation of New England, Inc. v. Mosbacher,* 966 F.2d 39, 42 (1st Cir.1992) (quoting *Travelers Indemnity Co. v. Dingwell,* 884 F.2d 629, 638 (1st Cir.1989)).

■ In *Credit Union Central Falls,* this Court stated " '[i]nterests in property are the most elementary type of right that Rule 24(a) is designed to protect,' and many of the cases in which a sufficient interest has been found under amended Rule 24(a)(2) have been cases in which there is a readily *identifiable interest* in land * * *." 871 A.2d at 367 (quoting 7C Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1908 at 272–75 (1986)). However, "the mere fact that a lawsuit may impede a third party's *ability to recover* in a separate suit ordinarily does not give the third party a right to intervene." *Id.* (quoting *Mountain Top Condominium Association v. Dave Stabbert Master Builder, Inc.,* 72 F.3d 361, 366 (3d Cir.1995)).

■ In the instant case, the hearing justice recognized that "Digital is not simply trying to protect its right to collect; rather, it is trying to protect its specific interest in the property upon which it has a mortgage." She based her decision on the fact that Digital was not entitled to notice under the terms of the lease agreement. The issue whether Digital was entitled to notice under the terms of the lease addresses Digital's likelihood of success after intervention. Digital's right to intervene under Rule 24(a)(2), however, does not turn on whether it is likely to succeed in protecting its claimed interest; rather it turns on whether "the disposition of the action may as a practical matter impair or impede [its] ability to protect [the] interest" that it claims in the property. *Id.*

Clearly, Digital has asserted a readily identifiable interest in the property, which is the subject of this action, *viz.*, a leasehold mortgage. Moreover, the potential harm to Digital is great because Digital is facing the extinguishment of its security interest, which drastically limits its ability to recoup its financial losses in the event that Mendon Road defaults on the underlying $1.5 million obligation. *See Public Service Co. of New Hampshire v. Patch,* 136 F.3d 197, 205 (1st Cir. 1998) ("[p]otential economic harm to a would-be intervenor is a factor that warrants serious consideration in the interest inquiry"). Accordingly, we conclude that Digital's interest in the mortgaged property is sufficient for intervention. We reverse, therefore, the order denying Digital's motion to intervene, and we direct that an order enter allowing Digital to intervene.

## IV

### Conclusion

It is evident from the record in this case that a confluence of events and miscommunications culminated in the entry of judgment for possession. According to the decision of the Superior Court hearing justice, Tonetti "instigated two actions" on December 15, 2005, both seeking similar, if not identical, relief, *i.e.,* a judgment for possession. In a pending case, originally filed in 2002, Tonetti filed a motion for entry of judgment of possession in which a hearing date of January 3, 2006 was noted. Secondly, Tonetti filed a new complaint against Mendon Road with a scheduled hearing date of January 4, 2006. As previously noted, service was made not on Mendon Road's president, but rather on the president's father. Notwithstanding the improper service, the summons and complaint were forwarded to the appropriate persons and Mendon Road did file a timely answer. As a consequence, we believe it was entitled to notice before judgment by default was entered against it. Moreover, we conclude that Digital has a significant protectable interest in the subject property and is entitled to intervene. Accordingly, we reverse both the judgment denying Mendon Road's motion to vacate judgment and the order denying Digital's motion to intervene, and we direct that the judgment for possession in favor of Tonetti be vacated and Digital be allowed to intervene. The papers in this case may be remanded to the Superior Court for further proceedings consistent herewith.