**Supreme Court**

No. 2013-257-Appeal.
(PC 12-5685)

Hines Road, LLC          :

v.          :

Neil Hall, in his capacity as Building          :
Inspector for the Town of Cumberland et
al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Hines Road, LLC          :

v.          :

Neil Hall, in his capacity as Building          :
Inspector for the Town of Cumberland et
al.


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The petitioners, Joseph and Angitta DiOrio, appeal

from an order by the Providence County Superior Court denying their motion (filed pursuant to

Rule 24 of the Superior Court Rules of Civil Procedure) to intervene in the underlying civil

action commenced by the plaintiff, Hines Road, LLC, against the defendants, collectively

referred to as the Town of Cumberland (the Town).[1]  This case came before the Supreme Court

pursuant to an order directing the parties to appear and show cause why the issues raised in this

---

[1]      For the sake of brevity, we shall refer only once to the multitude of defendants named in the complaint in the underlying action:  Neil Hall, in his capacity as Building Inspector for the Town of Cumberland; John McCoy, in his capacity as Chairman of the Town of Cumberland Zoning Board of Appeals; Carl Zoubra, in his capacity as Co-Chairman of the Town of Cumberland Zoning Board of Appeals; Peter Vosdagalis, in his capacity as a member of the Town of Cumberland Zoning Board of Appeals; Robert Chaput, in his capacity as a member of the Town of Cumberland Zoning Board of Appeals; Edmond McGrath, in his capacity as a member of the Town of Cumberland Zoning Board of Appeals; Nicholas Goodier, in his capacity as a member of the Town of Cumberland Zoning Board of Appeals; Richard Barret, in his capacity as a member of the Town of Cumberland Zoning Board of Appeals; and the Town of Cumberland, as a municipal entity.

appeal should not be summarily decided. After a careful review of the record and after consideration of the parties' written and oral submissions, we are satisfied that cause has not been shown and that this appeal may be decided at this time. For the reasons set forth in this opinion, we affirm the order of the Superior Court denying the motion to intervene.

# I

## Facts and Travel

The petitioners Joseph and Angitta DiOrio live in Cumberland, Rhode Island, on a parcel of property identified in the record as Cumberland Tax Assessor's Plat No. 49, Lot No. 56 (the DiOrio property),[2] which directly abuts property identified in the record as Cumberland Tax Assessor's Plat No. 49, Lot No. 57 (the Hines Road property),[3] owned by plaintiff Hines Road, LLC. In 2006, plaintiff built a retaining wall on the Hines Road property in close proximity to the DiOrio property. According to petitioners, in 2008, defendant, the Town, ordered plaintiff to remove said retaining wall and "return the Hines Road property to its original configuration." However, petitioners assert that plaintiff failed to comply with that order; and, according to petitioners' filings, in both March and September of 2010, the Town proceeded to issue two separate Notices of Violation to plaintiff with respect to the Hines Road property. The petitioners further allege that each Notice cited plaintiff's failure to comply with permit requirements promulgated by the Town and that each Notice included both a stop-work order and a requirement that plaintiff remove the retaining wall.[4]

---

[2]     The DiOrio property is located at 21 Georgiana Drive in Cumberland.

[3]     The Hines Road property is located at 138 Wrentham Road in Cumberland.

[4]     The stop-work order related to construction of the retaining wall, according to an agreement between plaintiff and the Town, which is described infra.

In October of 2010, plaintiff appealed to the Town's Zoning Board of Review (the Board) with respect to the Notices of Violation. However, in March of 2011, during the pendency of that appeal, plaintiff and the Town came to an agreement regarding the retaining wall (the Agreement). The Agreement provided, inter alia, that plaintiff would: (1) complete certain tasks related to the permitting and construction of the retaining wall on the Hines Road property; and (2) withdraw its appeal to the Board. In return, the Agreement indicated that the Town would, inter alia, withdraw its stop-work order relative to the retaining wall on the Hines Road property. Subsequent to the execution of the Agreement, plaintiff withdrew its appeal to the Board as promised.

It was at that point in time, after the parties had entered into the Agreement, that petitioners undertook their first attempt to challenge the arrangement that had been agreed to by plaintiff and the Town; they did so by filing an appeal with the Board. However, in October of 2011, the Board determined that it did not have jurisdiction over petitioners' challenge (the 2011 Board decision).[5] According to plaintiff's Superior Court complaint, the Board held that, "because [the Agreement] was a contract between the Town and a private party [viz., plaintiff]," the Board lacked jurisdiction. Significantly, petitioners did not appeal from that decision.

In spite of the existing arrangement between plaintiff and the Town, by July of 2012 it appeared that plaintiff had not yet completed the work contemplated by the Agreement with respect to the retaining wall on the Hines Road property. The Town proceeded to issue its third Notice of Violation to plaintiff, citing (among other violations) plaintiff's continued failure "to

---

[5]  We note that the record does not contain a copy of the 2011 Board decision concerning its own jurisdiction that is referenced in the text; as a result, we must rely upon the parties' filings to discern the details of that decision. Accordingly, from the parties' filings, it is unclear whether the 2011 Board decision related solely to petitioners' challenge, or whether it addressed plaintiff's earlier appeal to the Board. Regardless, it is clear that the Board declined to exercise its jurisdiction in the matter.

remove the unsafe wall at the [Hines Road property]." As it had done with respect to earlier Notices, plaintiff appealed to the Board from the issuance of that third Notice. In response, in October of 2012, the Board determined that it lacked jurisdiction over the matter (the 2012 Board decision). Accordingly, unable to obtain redress from the Board, in November of 2012 plaintiff filed a complaint in Superior Court in order to litigate issues relating to the Agreement, thereby commencing the underlying action, in which the parties are plaintiff and the Town. Each count of the complaint directly relates to the Agreement and the parties' ability to litigate its status before the Board and in Superior Court. Specifically, the complaint contains four counts: (1) a claim for declaratory judgment regarding the Superior Court's jurisdiction to "declare the rights and responsibilities of the Parties pursuant to the Agreement" (Count One); (2) a claim for equitable estoppel pertaining to the procedural propriety of plaintiff's attempts to appeal from the 2012 Notice of Violation (Count Two); (3) a claim for injunctive relief to prevent the Town from undertaking legal action against plaintiff in regard to the Hines Road property until the Superior Court "determine[s] the rights, duties and obligations of the parties pursuant to the Agreement and applicable law" (Count Three); and (4) a claim that the 2012 Board decision to the effect that the Board lacked jurisdiction over plaintiff's appeal prejudiced "the substantial rights of * * * Plaintiff" (Count Four). In sum, all four counts related to either the Agreement between plaintiff and the Town or plaintiff's appeal from the 2012 Board decision determining that the Board lacked jurisdiction.

Some months later, in February of 2013, petitioners filed a motion to intervene in the underlying Superior Court action pursuant to Rule 24. The petitioners argued that they were entitled to intervene as a matter of right pursuant to Rule 24(a) as abutting property owners. In addition, petitioners argued that they should be permitted to intervene pursuant to Rule 24(b),

which rule deals with permissive intervention. The plaintiff objected to petitioners' motion to intervene; the Town, by contrast, did not file any response to petitioners' motion. After conducting a hearing on the motion (attended by the parties and the would-be intervenors), the hearing justice rendered a bench decision denying petitioners' motion to intervene with respect to both intervention as a matter of right and permissive intervention.

First, with regard to intervention as a matter of right, the hearing justice ruled that the petitioners were not able to demonstrate that they had a right to intervene pursuant to Rule 24(a); in so ruling, the hearing justice was guided by the four-factor test articulated by this Court in Tonetti Enterprises, LLC v. Mendon Road Leasing Corp., 943 A.2d 1063, 1072-73 (R.I. 2008) (hereinafter Tonetti). In our opinion in Tonetti, we described the four-factor test as follows:

> "Under Rule 24(a)(2), an applicant will be granted intervention as of right if [(1)] the applicant files a timely application * * * , [(2)] the applicant claims an interest relating to the property or transaction which is the subject matter of the action, [(3)] the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, and [(4)] the applicant's interest is not adequately represented by current parties to the action * * * ." Tonetti, 943 A.2d at 1072-73 (emphasis added).

The hearing justice began his analysis by focusing on the first factor, finding that petitioners' motion was timely filed. However, he then proceeded to find that petitioners had failed to satisfy the second and third factors of the Tonetti test.

Specifically, as to the second factor, the hearing justice stated that, although petitioners' interest in the underlying action was "close," he found that interest to be "contingent upon a determination of the Agreement," and he stated that "[t]he [A]greement is between the parties [i.e., plaintiff and the Town], and the DiOrios [petitioners] are not a party to that [A]greement."

As such, the hearing justice concluded that petitioners' interest did not sufficiently relate to the subject matter of the underlying action so as to satisfy the second factor of the Tonetti test.

Next, with respect to the third factor of the Tonetti test, the hearing justice found that the underlying action did not "threaten to impede [petitioners'] ability to protect [their] interest because * * * there [were] other legal actions that [petitioners] could have pursued regarding the wall." Thus, in the hearing justice's estimation, the disposition of the underlying action would not impair petitioners' ability to protect their own interests; for that reason, he concluded that petitioners had failed to satisfy the third factor of the Tonetti test.

Notwithstanding his negative findings with respect to the second and third factors, the hearing justice went on to find that petitioners had made a "satisfactory showing" regarding the fourth factor of the Tonetti test—namely, that the existing parties in the underlying action did not adequately represent petitioners' interests. Nevertheless, having determined that petitioners had failed to demonstrate that they satisfied (as required) all four factors of the Tonetti test, the hearing justice concluded that petitioners were not entitled to intervene as of right under Rule 24(a)(2). See Tonetti, 943 A.2d at 1072-73.

Finally, the hearing justice turned to petitioners' contention that they should be permitted to intervene under Rule 24(b)(2) (permissive intervention). Pursuant to Rule 24(b)(2), "[u]pon timely application anyone may be permitted to intervene in an action * * * [w]hen an applicant's claim or defense and the main action have a question of law or fact in common." In light of the hearing justice's earlier finding that the motion was timely, he moved directly to consider whether there existed a common question of law or fact between petitioners' claims and the underlying action. The hearing justice found, however, that petitioners had not demonstrated the existence of a common question of law or fact because "the issues to be litigated in [the

- 6 -

underlying action] are not the same factual or legal issues that would be litigated in any action that [petitioners] would seek to litigate regarding their interest vis-à-vis the Hines Road property." On that basis, the hearing justice concluded that petitioners had failed to demonstrate that they should be accorded the status of permissive intervenors.

In sum, the hearing justice found that petitioners could neither demonstrate their right to intervene under Rule 24(a)(2) nor show an adequate basis to justify permissive intervention under Rule 24(b)(2); accordingly, he denied petitioners' Rule 24 motion to intervene. From the hearing justice's decision, petitioners timely appealed.

## II

## Standard of Review

Although we have described Rhode Island precedent concerning motions for intervention as "sparse," Tonetti, 943 A.2d at 1073; Credit Union Central Falls v. Groff, 871 A.2d 364, 367 (R.I. 2005), we have nonetheless indicated with respect to intervention as of right that "[t]his Court reviews a trial justice's grant of a motion to intervene for abuse of discretion, reversing only if the justice failed to apply the standards set forth in Rule 24(a)(2), or otherwise committed clear error." Town of Coventry v. Baird Properties, LLC, 13 A.3d 614, 619 (R.I. 2011); see also Marteg Corp. v. Zoning Board of Review of Warwick, 425 A.2d 1240, 1242 (R.I. 1981) ("[I]t is well settled that the determination of timeliness [of an application for intervention] is a matter committed to the sound discretion of the trial justice.").

Similarly, we have also utilized the abuse of discretion standard of review in the context of Rule 24(b)(2)—viz., permissive intervention. See Town of Smithfield v. Fanning, 602 A.2d 939, 943-44 (R.I. 1992) (holding that the trial justice did not abuse his discretion by declining to grant permissive intervention under Rule 24(b)).

- 7 -

# III

## Analysis

The petitioners raise three arguments on appeal. First, noting the fact that petitioners' property "directly abuts" the Hines Road property and relying upon their interpretation of our decision in Caran v. Freda, 108 R.I. 748, 279 A.2d 405 (1971), petitioners argue that their status as abutting property owners entitles them to intervene as a matter of right in the underlying action between plaintiff and the Town. Second, petitioners contend that the hearing justice erred in ruling that their interest in the instant litigation is "contingent" upon the Agreement between plaintiff and the Town. Specifically, petitioners argue that the Notice of Violation at issue in the 2012 Board decision was not related "in any way" to the Agreement made between plaintiff and the Town. Finally, petitioners argue that their failure to appeal from the original 2011 Board decision determining that it lacked jurisdiction over petitioners' appeal ought not to be "held against" them. We shall address each of petitioners' arguments below.

## A

### Rights of Abutting Property Owners

We begin with petitioners' contention that the Caran decision affords them the right to intervene in the underlying action. To put that contention in context, we shall first refresh the reader's recollection of our ruling in that case. In Caran, 108 R.I. at 749-50, 279 A.2d at 406-07, a town zoning board of review held a hearing on an application for a variance related to the proposed construction of a shopping center. Those who appeared before the board included the applicants themselves as well as owners of property abutting the site at issue; the attorney for those abutters entered an appearance at the hearing and voiced their concerns regarding the variance at issue. Id. at 750, 279 A.2d at 406. The town ultimately denied the application for the

- 8 -

variance, and the applicants appealed to the Superior Court, serving a complaint upon the town solicitor, but failing to serve the attorney who had represented the abutting property owners at the zoning board of review hearing. Id. Our opinion in the Caran case passed upon the issue of whether to apply a procedural rule requiring service of the complaint upon the abutting property owners in the context of the applicants' appeal to the Superior Court; however, this Court also had occasion to pass upon the propriety of intervention by the abutting property owners in the initial application hearing before the town's zoning board of review. Id. at 753, 279 A.2d at 408. Specifically, we stated:

> "[The] petitioners, as abutting property owners, have a special interest in the pending appeal. If the right of appeal is lost to the board, it is conceivable that petitioners would be confronted with a threat of loss in the value and enjoyment of their property. This potential threat gives petitioners the right to invoke the mandatory provisions of Rule 24(a)." Caran, 108 R.I. at 753, 279 A.2d at 408.

Upon scrutinizing the facts of the Caran case as described above, it is apparent that the attendant circumstances in that case differ significantly from those at bar. Most critically, in Caran the abutting property owners had a clear interest in the ultimate decision on the merits regarding a zoning variance that would permit construction of a shopping center on land directly adjoining their property. Specifically, the eventual disposition of the applicants' appeal would determine whether or not the shopping center would be constructed. Id.

By contrast, in the instant case, an adjudication concerning the Agreement between plaintiff and the Town would not yield a decision as to whether or not to construct the retaining wall. Unlike the petitioners in Caran, who, if not permitted to intervene, may have found themselves living next to a shopping center without having had a voice in the zoning decision which would have permitted its construction, petitioners in the instant case are already living with what is in their eyes the rough equivalent of that shopping center, because the wall has

already been built.  Furthermore, although the fact that the wall has been built may appear to support petitioners' argument that their circumstances are similar to—or perhaps more dire than—that of the abutting property owners in Caran, we emphasize that the underlying action in the instant case simply permits plaintiff and the Town to resolve the issues surrounding whether or not plaintiff has lived up to the Agreement—an Agreement that relates to the wall, but is a contract to which petitioners are not a party.  In other words, petitioners' chosen route to attack the construction of the wall is both untimely (the wall has already been built) and procedurally inappropriate (since the instant case relates not to the merits of constructing the wall, but rather the Agreement between plaintiff and the Town).

In sum, we are not persuaded that petitioners' status as abutting property owners ipso facto entitles them to intervene in this particular case as a matter of right.  We therefore hold that the hearing justice did not err in concluding that petitioners were not entitled to intervene as a matter of right pursuant to our decision in Caran.

**B**

**The Petitioners' Interest in the Underlying Action**

The petitioners next argue that the hearing justice erred in ruling that their interest in the Superior Court action is merely "contingent" upon the Agreement between plaintiff and the Town.  In Tonetti, we addressed that consideration explicitly, stating that "[a]n intervenor's interest must bear a sufficiently close relationship to the dispute between the original litigants and the interest must be direct, not contingent."  Tonetti, 943 A.2d at 1073 (emphasis added) (internal quotation marks omitted).  By its very nature, the underlying action in the case at bar concerns the dispute between plaintiff and the Town; the litigation centers on the Agreement between those parties and whether or not the Board could exercise jurisdiction over the dispute

between them. Furthermore, the four counts of the complaint relate to a claim for declaratory judgment (regarding the Agreement), a claim for equitable estoppel (pertaining to plaintiff's attempts to appeal from the 2012 Notice of Violation), a claim for injunctive relief to prevent the Town from undertaking legal action against plaintiff until the underlying action is resolved, and a claim that the 2012 Board decision (to the effect that it lacked jurisdiction over plaintiff's appeal) prejudiced plaintiff's rights.

It is clear that the underlying action concerns the Agreement between plaintiff and the Town. Any legally cognizable interest of petitioners in the underlying action depends upon the resolution of the Agreement and may be fairly characterized as "contingent" upon such resolution. See Tonetti, 943 A.2d at 1073. Accordingly, we agree with the hearing justice—petitioners' interest in the underlying action is "contingent" upon the Agreement between plaintiff and the Town; consequently, we hold that the hearing justice did not abuse his discretion in so ruling.

## C

### The Petitioners' Failure to Appeal from the 2011 Board Decision

Finally, petitioners contend that the hearing justice erred in considering their failure to appeal from the 2011 Board decision as a factor weighing against intervention in the underlying action. However, even if we were persuaded that petitioners' failure to appeal from the 2011 Board decision ought not to be considered in conjunction with whether they satisfied the four Tonetti factors, the hearing justice's decision denying intervention did not constitute an abuse of discretion—simply because there were other grounds for his finding that the disposition of the action did not impede petitioners' ability to protect their interest in their property. Notably, the hearing justice found:  (1) that the wall had already been constructed; and (2) that other legal

- 11 -

avenues existed that petitioners could have initiated. We are persuaded that those two findings suffice to show that the disposition of the action would not impede petitioners' ability to protect their interest in their property. First, any interest that petitioners had in preventing the construction of the wall has been precluded by its construction, which occurred before plaintiff even initiated the underlying action. Second, with respect to the ability of petitioners to undertake other legal actions, we note that petitioners conceded at oral argument that they have initiated a separate legal proceeding with respect to their concerns regarding the wall as it affects the DiOrio property. Accordingly, we hold that the hearing justice did not commit reversible error in considering petitioners' failure to appeal from the 2011 Board decision as one factor weighing against intervention.

In sum, we hold that the petitioners have not raised any arguments that demonstrate that the hearing justice abused his discretion in finding that the petitioners failed to fulfill the four Tonetti factors, with respect to Rule 24(a)(2) intervention, nor have the petitioners proffered any convincing arguments that demonstrate that the hearing justice abused his discretion in finding that the petitioners were not entitled to permissive intervention.[6] As such, we hold that the hearing justice did not abuse his discretion in denying the petitioners' motion to intervene.

---

[6]  We note that all three of petitioners' arguments on appeal have been presented supra, and that those contentions noticeably lack any specific legal arguments that relate to whether or not the hearing justice erred in denying petitioners' motion for permissive intervention. To the extent that petitioners' claims of error on appeal related to the hearing justice's decision on their motion for permissive intervention, we note that our analysis above has effectively disposed of these arguments. Should there exist other legal arguments for permissive intervention by petitioners in the underlying action, petitioners have failed to raise those arguments before us, and, on the basis of our well-settled precedent, we deem those arguments to be waived. See Bowen Court Associates v. Ernst & Young, LLP, 818 A.2d 721, 728 (R.I. 2003) ("We have repeatedly held, consistent with Article I, Rule 16(a) of the Supreme Court Rules of Appellate Procedure, that a party's failure to include a particular issue in his, her, or its brief on appeal results in a waiver of that issue. * * * Indeed, Rule 16(a) includes language embodying this rule, providing that [e]rrors not claimed, questions not raised and points not made [in a party's brief]

- 12 -

## IV

## Conclusion

We affirm the Superior Court's decision to deny the petitioners' motion to intervene. The record may be returned to that tribunal.

---

ordinarily will be treated as waived and not considered by the court.") (internal quotation marks omitted); <u>see</u> <u>also</u> <u>Wilkinson v. State Crime Laboratory Commission</u>, 788 A.2d 1129, 1131 n. 1 (R.I. 2002).



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**  Hines Road, LLC v. Neil Hall, in his capacity as Building Inspector for the Town of Cumberland et al.

**CASE NO:**  No. 2013-257-Appeal.
(PC 12-5685)

**COURT:**  Supreme Court

**DATE OPINION FILED:**  April 28, 2015

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**  Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**  Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Luis M. Matos

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Michael A. Kelly, Esq.

For Petitioners:  Jennifer R. Cervenka, Esq.