SAMUEL MONTAQUILA *vs.* JOHN MONTAQUILA *et al.*

JUNE 12, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

448

ROBERTS, J.   This bill in equity for the partition of certain real estate known as the Dean Estates was brought by Samuel Montaquila against John Montaquila and certain other respondents.   After the trial began, the matter was compromised and a final decree was entered on February 14, 1952.   A deed of trust was executed and delivered by the parties to Joseph H. Coen and Francis J. McElhiney as trustees, conveying the real estate referred to in the bill of complaint in trust to said trustees.   A copy of the trust deed was made a part of the final decree.   Under the trust deed the trustees were to be paid 15 per cent of all sums received by them as full payment for their services in the development of the land.

On March 31, 1953 complainant Samuel Montaquila died, leaving as legatees under his will Rose T. Montaquila, his widow, and Anna Sisti, a daughter.   The widow and an attorney, A. Louis Rosenstein, were designated as executors

450

under the will and Rosenstein and the Rhode Island Hospital Trust Company were named as trustees. The two appeals hereinafter referred to, as taken by the cotrustee Coen, were joined in by the legatees, the executors and the trustees under the will.

On February 14, 1954 McElhiney resigned as cotrustee and respondent John Montaquila was appointed by the court as his successor. During the time that Coen and McElhiney acted as trustees they had employed A. W. Riccio as a salesman for the sale of house lots located in various areas as the land was developed. Thereafter Riccio left the employ of the trustees, and John Montaquila suggested that he take over the work of selling the platted lots. He and Coen conferred informally with the trial justice, who deemed it proper for Montaquila to act as a salesman and suggested that his compensation for such services be fixed at 4 per cent of the sums received on the lots he sold. The trustees worked out an agreement based on the court's suggestion, but it does not appear from the record that any decree was entered relating to such agreement.

In the summer of 1955 Montaquila asked his cotrustee to agree to his receiving a higher commission on the sale of lots. Thereafter, following a conference with the trial justice, a petition for instruction signed by both trustees was filed. The petition was heard on October 21, 1955, and the widow and daughter of Samuel Montaquila appeared and objected to granting Montaquila an increase in his commission. On December 21, 1955 a decree was entered containing findings of fact to the effect that the interest of Montaquila as a salesman was consistent with his interest as a cotrustee; that the commission of 4 per cent of the amounts received for the sale of lots sold by him was inadequate; and that he was entitled to 8 per cent of such amounts. It was ordered that the cotrustees compensate Montaquila for his work as a salesman at the rate of 8 per cent of the amounts received for the sale of the lots. On

December 31, 1955 an appeal from this decree was duly taken by Coen. On February 16, 1956 the cotrustee Montaquila filed a motion to dismiss the appeal on the ground that it was not a final decree and therefore was not appealable.

It further appears that on January 19, 1956 Montaquila petitioned the court for permission to engage counsel to defend the decree of December 21, 1955 and to pay such counsel from the trust estate, apparently under the provisions of general laws 1938, chapter 528, §22. This petition was heard by the trial justice, and on February 7, 1956 a decree was entered authorizing him to engage counsel to defend said decree and to pay such counsel out of the assets of the trust estate. An appeal by Coen from this decree of February 7, 1956 was duly taken on February 29, 1956 and on June 19, 1956 the cotrustee Montaquila moved to dismiss this appeal on the ground that the decree was not final.

The cause is before this court on the appeals of cotrustee Coen from the decrees of December 21, 1955 and February 7, 1956 and on cotrustee Montaquila's motions to dismiss the said appeals of Coen.

The question first to be considered here is whether the appeal of the cotrustee Coen from the decree of December 21, 1955 should be dismissed on the ground that it is not a final decree. It is our well-settled rule that, apart from certain classes of interlocutory decrees specifically provided for by statute, an appeal to this court lies only from a final decree. There is, however, a well-established exception to this rule, namely, that where a decree, which in a strict sense is interlocutory, should be reviewed immediately because of possible injurious consequences, it will be held to possess such elements of finality as to permit an immediate appeal. *Stanton* v. *Sullivan*, 62 R. I. 154, 157; *McAuslan* v. *McAuslan*, 34 R. I. 462, 472.

Assuming without deciding that the decree of December

452

21, 1955 is not a final decree, from which an appeal may be taken under the provisions of G. L. 1938, chap. 541, §1, as amended by public laws 1955, chapter 3497, and as further amended by P. L. 1956, chap. 3752, we are of the opinion that if it is not, it clearly falls within the exception stated above and may be appealed from immediately. In this decree the trial justice found that the employment of the cotrustee Montaquila as a salesman was consistent with his status as a trustee; that compensation at the rate of 4 per cent of the sums received for the sale of lots through his efforts was inadequate; and that compensation at the rate of 8 per cent of such sums would be adequate. Hence the decree not only increases the compensation paid the cotrustee in his capacity as a salesman, but it increases the total compensation received by him in his dual capacities and it has the effect of instructing the cotrustees that they may employ one of their own number in that capacity. In our judgment, a decree that so reduces the net income of the trust estate from the sale of land which constitutes its corpus, and that authorizes one of the cotrustees to deal with the trust estate in the relationship of broker and vendor, gives rise to such possibilities of injury to the trust estate as to bring that decree within the exception we have stated above. We must, therefore, deny the motion of the cotrustee Montaquila to dismiss Coen's appeal from the decree of December 21, 1955.

We are also of the opinion that it was error for the trial justice to instruct the trustees that a cotrustee could accept employment from the trustees as a salesman for the purpose of selling land comprising part of the trust estate. We are not confronted with any question as to wrongdoing on the part of either trustee, and there is nothing in the record to suggest that Montaquila, the cotrustee, has not been scrupulously honest in dealing with the estate. The controlling consideration in these situations, however, is whether there is an inherent incompatibility between the

status of the trustee as such and his status as an employee of the trustees that could create circumstances in which the trustee could not reasonably give his undivided loyalty to the trust and all its beneficiaries.

In *Dodge* v. *Stone,* 76 R. I. 318 at 323, speaking of the obligation of trustees in this respect the court stated: "Broadly speaking it is clearly established that a trustee must give undivided loyalty to the trust confided to his care and to its beneficiaries. It is the policy of the law to see that in administering the trust he shall not be tempted in any way by conduct or circumstances to act otherwise than with complete loyalty to the trust and its interests. He must at all times exercise a high standard of honor and avoid all situations and transactions that tend to call his good faith into question and to create in himself rights possibly conflicting with those of the beneficiaries."

In the instant case we have a trustee who is employed as a broker, which relationship gives rise to a personal interest in the sale of land comprising the trust property. In such circumstances a dispute as to his entitlement to commissions for the sale of such land might well arise. It is clear from the language used in *Dodge* v. *Stone, supra,* it is the possibility that rights might accrue to the trustee because of his conduct which would be in conflict with those of the beneficiaries that makes the broker's status incompatible with his status as a trustee. It is our opinion that the status of Montaquila as a broker and his status as the vendor would create a situation in which he could acquire rights inconsistent with those of the beneficiaries, and that it was error to instruct the trustees that his status as a cotrustee and a salesman were consistent.

We will now consider cotrustee Montaquila's motion to dismiss Coen's appeal from the decree of February 7, 1956. The petition involved here requested permission for Montaquila to engage counsel to defend the decree of December 21, 1955 and to pay for such services out of the assets

454

of the trust estate. The petition apparently is based on the provisions of G. L. 1938, chap. 528, §22. The said Montaquila contends that the decree of February 7, 1956 is not final and therefore is not appealable. We cannot agree with this contention. Section 22 provides for an ancillary proceeding to a bill in equity in which construction of a will or trust deed is sought whereby respondents may be granted an allowance for counsel fees and expenses which are to be paid out of the assets of the estate involved. Where, after a hearing on the merits in such a proceeding, a decree is entered granting the relief prayed for or all the relief that may be attained under the statutory proceeding and nothing remains but to execute the decree, it will be held to have elements of finality. See *Kaiser* v. *Burger,* 64 R. I. 83 at 85. The motion of the cotrustee Montaquila to dismiss Coen's appeal from the decree of February 7, 1956 is therefore denied.

We are of the further opinion that the trial justice erred in granting an allowance of counsel fees to cotrustee Montaquila under the statute. The terms of the statute specifically limit such allowances to respondents brought in under bills wherein construction of a will or deed of trust is sought. In the instant cause the bill of complaint on which the action is founded was a bill for partition. The petition for instruction filed by the trustees does not raise any question as to the proper construction to be given the deed of trust or any part thereof. It relates only to well-established, equitable principles governing the conduct of trustees. Such question does not require construction of any portion of the trust deed. No question of construction being required, the allowance of counsel fees to said respondent was error. *Sackett* v. *Paine,* R. I., 128 Atl. 555.

The appeals are sustained, the decrees appealed from are reversed, and the cause is remanded to the superior court with direction to enter a new decree denying and dismissing each petition.

FLYNN, C. J., did not participate in the decision.

*Joseph H. Coen, A. Louis Rosenstein, DiMascolo & DiPetrillo, Henry R. DiMascolo,* for appellants.

*Francis J. McElhiney, Philip B. Goldberg, Leo M. Goldberg,* for appellee.