254 A.2d 424.

MYER H. RUBIN *vs.* BESSIE RUBIN.

JUNE 11, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This petition for certiorari was brought to review a ruling of a justice of the family court denying the petitioner's motion to dismiss the respondent's motion for an allowance of support pendente lite in a divorce pro-

ceeding pending in that court. The writ issued, and pursuant thereto the record has been certified to this court.

The record discloses that in February 1965 petitioner, hereinafter referred to as husband, brought a petition for absolute divorce against his wife, respondent here. Thereafter, in March 1965, the wife filed a motion in the nature of a cross petition and included therein her motion for an allowance for support plus counsel fee pursuant to the pertinent provisions of G. L. 1956, §15-5-16. The record discloses further that the wife had herself filed a petition for divorce from the husband and that her petition subsequently had been denied and dismissed in 1961.

The wife's motion for an allowance for support plus counsel fee was finally reached for hearing in the family court on November 7, 1967. At that time the husband objected to the hearing of the motion and moved for a dismissal thereof. The husband contended in the family court that, respondent's prior petition for a bed and board divorce having been denied and dismissed, she may not thereafter be granted an allowance for support unless she first establishes that during the intervening time she voluntarily offered to return to the marital domicile and resume the marital status. In other words, it was the husband's contention in the family court, as here, that before respondent could prosecute her motion for support, it was incumbent upon her to establish as a condition precedent thereto that she had offered to resume marital relations with petitioner after her prior petition for divorce had been denied and dismissed.

The trial justice, after hearing arguments on the husband's motion to dismiss the wife's motion for support, filed a decision on November 1, 1968, in which he ruled that the right of a wife to be allowed support pendente lite filed within an original petition for divorce brought by her husband is not limited or controlled by any prior

action on her part. He noted that such a motion is based simply on the filing of the petition by the husband and is directed to the sound judicial discretion of the court. Thereafter the trial justice on November 29, 1968, in a document entitled "Decree" denied the husband's motion to dismiss the wife's motion for an allowance and counsel fee and placed that motion on the calendar for a hearing at a subsequent date.

In this court the husband contends that the trial justice erred in so ruling. However, in our opinion, it is unnecessary to pass upon the question of whether a bona fide offer to return to the marital status must be shown in the circumstances that are set forth above. We take this view because it is our opinion that the only order entered here was an order to continue for hearing the wife's motion for an allowance and counsel fee on the calendar to November 8. We are unable to perceive from an examination of the record any finality in the order here entered.

We have long held that a decree, to have such finality as would warrant its review on appeal, must terminate the litigation of the parties on the merits of the case so that if, on appeal, it is affirmed, the subordinate tribunal would have nothing to do but to execute the decree that had already been entered. *McAuslan* v. *McAuslan,* 34 R. I. 462, 83 A. 837. An examination of the order entered discloses clearly that it does not have finality within the rule above laid down. We are of the opinion that the action of the husband in seeking a review of the decree by way of certiorari concedes a want of finality therein that precludes review in this court.

We are aware also that a well-settled exception to this rule has been recognized. As we said in *Montaquila* v. *Montaquila,* 85 R. I. 447, 451, 133 A.2d 119, 121: "There is, however, a well-established exception to this rule, namely, that where a decree, which in a strict sense is inter-

locutory, should be reviewed immediately because of possible injurious consequences, it will be held to possess such elements of finality as to permit an immediate appeal. *Stanton* v. *Sullivan*, 62 R. I. 154, 157; *McAuslan* v. *McAuslan*, 34 R. I. 462, 472."

There is no question that the document entitled "Decree" entered in this case is at best only an interlocutory decree or a mere order continuing the case on the calendar after a denial of the husband's motion to dismiss the wife's motion for an allowance and counsel fee. The record discloses no entry of an order which would be injurious to the husband, it being entirely possible that at a hearing on the merits of the motion an allowance might well be denied. It is our conclusion, then, that the instant case does not come within the exception set out in *Montaquila* v. *Montaquila, supra,* it being clear that no immediate injurious consequences could result to the husband as a result of the entry thereof. It is our view, then, that the petition for review by way of certiorari was premature and that the writ improvidently issued and should be quashed.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the record in the case is ordered returned to the family court with our decision endorsed thereon.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for petitioner.

*Leonard A. Kamaras,* for respondent.