291 A.2d 418.

WILLIAM POLLINS *vs.* DAVID R. McGOVERN, *City Treasurer.*

JUNE 8, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. The defendant in the above-entitled proceeding, acting pursuant to G. L. 1956 (1969 Reenactment) §9-21-4, on October 22, 1971, petitioned this court for a trial in that cause, none having been had therein by reason of the entry of a judgment of default on September 24, 1970, by a justice of the Sixth Division of the District Court. The statute provides: "A party or garnishee in any action or proceeding in the superior court wherein no trial has been had, against whom a judgment has been rendered on involuntary dismissal, default or report of referees, by

reason of accident, mistake, unforeseen cause, or excusable neglect, *may, within one (1) year after such judgment,* petition the supreme court for a trial; and the supreme court may order a trial in the action or proceeding in the court in which such judgment was entered, upon such terms as the supreme court shall prescribe." (emphasis ours)

It being clear from the face of defendant's petition that it was filed more than one year after the entry of the default judgment in the District Court, this court would be without jurisdiction to set aside the judgment and order the new trial sought by defendant under the statute. *Home Insurance Co.* v. *Sormanti Realty Corp.,* 102 R. I. 187, 229 A.2d 296 (1967); *Cataldo* v. *Pono,* 89 R. I. 240, 152 A.2d 98 (1959).

The memorandum supporting the petition filed under §9-21-4 contained some rather vague allegations of failure to give notice and conduct on the part of plaintiff that could have constituted fraud in obtaining the entry of the default judgment. In these circumstances this court elected to articulate defendant's petition as one for common-law certiorari to review the action of the court's entry of the judgment, specifically directed that the cause be assigned to the argument list for hearing "* * * on the sole question of whether or not said judgment is void" and stayed execution.

It appears that defendant filed his answer to this case on April 5, 1966. No further action was taken in the cause until July 3, 1970, when plaintiff filed a motion to assign the case to trial on July 14, 1970. Subsequently, another motion was filed on August 24, 1970, to assign the cause to trial on September 23, 1970. Each of these motions to assign contains the customary certification that a copy thereof was sent to Vincent Ragosta, Esq. at the Law Department, City Hall, Providence.

The docket entries indicate that defendant did not appear

on September 23, 1970, was defaulted, and a default judgment in the amount of $217.50 with interest and costs was entered by the District Court. Thereafter, on October 6, 1971, defendant moved in the District Court, pursuant to §9-21-2, to vacate the default judgment. This motion was denied on October 20, 1971, on the ground that the court was without jurisdiction by reason of the expiration of the one-year period prescribed in the statute. On October 22, 1971, the petition here, pursuant to §9-21-4, was filed in this court.

It would serve no useful purpose to extend this opinion by a discussion of the contentions made by defendant that he was deceived and misled by the conduct of prior counsel for plaintiff in directing notice of the motions to assign to trial to a former member of the staff of the city solicitor. The controlling issue raised here, in our opinion, is whether the court had jurisdiction on September 23, 1970, to default defendant.

The jurisdiction of the District Court to default a defendant is set out in Rule 55 of the Rules of Civil Procedure of the Rhode Island District Court, which is the same as Super. R. Civ. P. 55. It is therein provided that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default. The judgment on the default will be entered by the court under Rule 55(b)(2), which provides, in pertinent part: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." In the instant case it is clear from the record that defendant answered the case and that the case must be, therefore, considered as coming within the

provision of Rule 55 above quoted, and defendant was entitled to the written notice of the application for judgment by default at least three days prior to the hearing on the application.

We have closely scrutinized the record in the case, including the docket entries and the documents filed therein, and are constrained to conclude that plaintiff did not comply with that provision of Rule 55 which is essential to the acquisition of jurisdiction by the District Court to enter the default judgment. It is, then, our conclusion that at the time of the entry by the District Court of the default judgment on September 24, 1970, that court was without jurisdiction to enter the judgment, nothing in the record disclosing that defendant had been notified in writing of plaintiff's claim for entry of such a default judgment at least three days prior to the hearing thereon.

We do not here purport to set aside the judgment under rule of court. We set this judgment aside pursuant to our inherent power to annul at any time a judgment which is void because of lack of jurisdiction on the part of the court that entered it. *Lamarche* v. *Lamarche,* 108 R. I. 213, 273 A.2d 860 (1971); *In re College Street,* 11 R. I. 472 (1877). We hold, then, that the judgment entered by reason of default on September 24, 1970, is void and without effect. We further conclude that the execution issued at the time of the entry of judgment is void.

The petition for certiorari is granted, the default judgment is quashed, and the case is remitted to the District Court for further proceedings.

*Stephen E. S. Healey,* for plaintiff.

*Robert J. McOsker,* City Solicitor, *Steven S. Saber,* Asst. City Solicitor, for defendant.