408 A.2d 598.

Charles Medeiros, Jr., *et ux. vs.* Hilton Homes, Inc.

NOVEMBER 21, 1979.

Present: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

KELLEHER, J. This appeal had its inception when a Superior Court justice refused to allow the defendant corporation to participate at a hearing at which the plaintiffs would attempt to prove their damages following the entry of a default against the defendant because it failed to answer the plaintiffs' complaint. Hereafter we shall refer to the plaintiffs as "Hilton."

Suit was commenced on September 7, 1974, by the filing of a complaint in which the Medeiroses alleged that Hilton's agents had damaged the Medeiroses' real estate with a

collection of surface water that resulted from the unauthorized digging on the property of a ditch and the laying of a sewer line which was connected to a catch basin situated on an adjacent lot. Since Hilton failed to respond to the complaint within the prescribed 20-day period, a default was entered on January 14, 1975. Thereafter, on September 6, 1975, Hilton filed a motion to set aside the default. This motion was heard and denied on October 14, 1975.

At the October hearing, Hilton had contended that, despite the denial of its motion to set aside, it still had a right participate in a subsequent hearing at which the Medeiroses would seek to establish their damages. In a September 3, 1976 written decision, the motion justice rejected this contention; and on September 29, 1976, a judgment was entered containing a finding that Hilton had no right to participate in the hearing. No appeal was taken from that judgment.

The damages hearing was held on October 29, 1976. A judgment was entered awarding the Medeiroses $13,134 in damages. About 9 months later, Hilton's present counsel filed a motion to set aside the $13,134 judgment on the ground that it was entered without any notice to it having been issued. The motion was denied on September 16, 1977, and this appeal ensued.

Rule 55 of the Superior Court Rules of Civil Procedure (Super. R. Civ. P.) deals with defaults, and it is fitting that we discuss some of its pertinent provisions. The clerk of the court may enter a default upon being made aware that a party against whom affirmative relief is being sought has failed to plead or otherwise defend himself as provided by the rules. Super. R. Civ. P. 55(a). The clerk is authorized by Super. R. Civ. P. 55 (b)(1) to enter a default judgment against a nonappearing defendant upon the request of the plaintiff when the claim is for a sum certain or in a case where the sum can be made certain by computation. In all other cases, application for a default judgment must be made to the court; and when a party has "appeared" in the action,

he must be given a minimum of 3 days' notice of the pendency before the court of an application for the entry of the default judgment. Super. R. Civ. P. 55(b)(2). The court is empowered by the terms of Super. R. Civ. P. 55(c) to "set aside" a default "for good cause shown," and, if a default judgment has been entered, relief might be obtained through the relevant provisions of Super. R. Civ. P. 60(b). A full reading of Rule 55 shows that it embraces two steps: the entry of a default, which is then to be followed by the entry of a default judgment.

The motion to set aside the default was based upon an affidavit of Hilton's treasurer, who averred that Hilton had failed to answer the pending suit because, after talking to the Medeiroses' attorney, the treasurer had the "clear impression" that the attorney had promised that any further litigation would come by way of a "new action against Hilton Homes." Hilton also insisted that it was still entitled to participate in the hearing on damages despite the denial of its motion to set aside because it believed that, by filing that motion, it had, for the purposes of Super. R. Civ. P. 55(b)(2), "appeared" in the action.

The motion justice rejected this argument because his research had convinced him that Rule 55 contemplates that notice be given only in those instances in which the defendant has filed an answer. According to the motion justice, a defendant who chooses "not to answer" is forever barred from participating in the damages facet of the suit.

In seeking to vacate the $13,134 default judgment, Hilton invoked Super. R. Civ. P. 60(b)(4), which affords relief from a void judgment. Hilton's claim of voidness is based upon our holding in *Pollins* v. *McGovern*, 110 R.I. 186, 291 A.2d 418 (1972). There, a default judgment had been entered in the District Court against a defendant who had filed an answer in the case. District Court Rules of Civil Procedure are, for the most part, identical to those of the Superior Court. There is no difference between the Superior Court's and District Court's versions of Rule 55. In *Pollins*, we ruled that the

default judgment was void in the light of the plaintiff's failure to give the requisite notice. The Medeiroses acknowledge the rule of *Pollins* but argue that because Hilton failed to appeal from the judgment barring it from participating in any way in the damages hearing, it is now barred by the principle of res judicata from raising the jurisdictional question.

We would first point out that the Medeiroses' reliance on res judicata gives us little pause because the doctrine requires a finality of judgment. *Gnys* v. *Amica Mutual Insurance Co.*, 121 R.I. 131, 396 A.2d 107 (1979); *Air-Lite Products, Inc.* v. *Gilbane Building Co.*, 115 R.I. 410, 347 A.2d 623 (1975). Finality of judgment contemplates an act that definitely terminates the litigation between the parties so that if we were to affirm the subject judgment, the trial court would have nothing further to do on remand other than order execution of the judgment previously entered. *State* v. *Piedmont Funding Corp.*, 121 R.I. 27, 394 A.2d 694 (1978); *Murphy* v. *Bocchio*, 114 R.I. 679, 338 A.2d 519 (1975); *Rubin* v. *Rubin*, 105 R.I. 647, 254 A.2d 424 (1969). If we were to affirm the judgment barring Hilton from participating in the damages facet of this controversy, the litigation would still continue because the Medeiroses would have been required to convince the trial justice that Hilton's willful trespass damaged their property. Since the September 29, 1976 bar-the-courthouse-door judgment is purely interlocutory, res judicata vanishes as an issue.

Judgment by default is a drastic remedy which should only be employed in extreme situations. *Affanato* v. *Merrill Bros.*, 547 F.2d 138 (1st Cir. 1977). The appearance required by the rule has been broadly defined and not limited to a formal court appearance. *Carlton L. Davis & Co., P.C.* v. *Fedder Data Center*, 556 F.2d 308 (5th Cir. 1977). The proviso in question seeks to insure fairness by affording notice to a party who has expressed an interest in defending the suit brought against him. *R.F.* v. *D.G.W.*, 192 Colo. 528, 560 P.2d 837 (1977). Here, when Hilton filed its motion to set aside the

default, it had, for the purposes of the rule, "appeared"[1] in the case and was then entitled to a minimum of 3 days' notice of the hearing which culminated in the entry of the $13,000-plus judgment. *Big Spring* v. *Black Feet Tribe of Blackfeet Indian Reservation*, 175 Mont. 258, 573 P.2d 655 (1978).

In light of what we said in *Pollins* relative to voidness,[2] Hilton should have been granted relief under Super. R. Civ. P. 60(b)(4).

The defendant's appeal is sustained, the default judgment is hereby vacated, and the case is remanded to the Superior Court for further proceedings.

*Moore, Virgadamo & Lynch, Ltd., Joseph R. Palumbo, Jr.*, for plaintiffs.

*Blais, Cunningham, Thayer, Gagnon & Ross, Ernest J. Pratt*, for defendant.

---

[1]In. their complaint, the Medeiroses alleged that the Hilton's ditch digging and pipe laying constituted an unlawful act and a willful trespass. Hilton's motion to set aside the default was accompanied by an affidavit of defense, in which Hilton denied these allegations. An informative discussion of all facets of what courts have said constitutes an "appearance" for the purposes of Rule 55(b)(2) can be found in 27 A.L.R. Fed. 620 (1976) and 73 A.L.R.3d 1250 (1976). Both annotations point out that an "appearance" is usually regarded as some overt action by which a party against whom suit has been commenced submits himself or herself to the court's jurisdiction. However, there is a difference of opinion as to whether a challenge to the court's jurisdiction constitutes an "appearance." *See* 27 A.L.R. Fed. 620, 625-26 § 4; 73 A.L.R.3d 1250, 1259-61 § 7.

[2]Federal courts have ruled that a failure to give the 3 days' notice, while a serious procedural error, does not render the judgment void. In *Winfield Associates, Inc.* v. *Stonecipher*, 429 F.2d 1087, 1091 (10th Cir. 1970), the court observed:

"A procedural defect, such as failure to give notice as required, may be sufficient to afford relief from a default judgment on appeal or for relief under Rule 60(b) or together with other irregularities shown by the facts of a particular case may render the judgment void, however the error should not usually be treated as so serious as to render the judgment void."

The courts taking this position point out that a judgment is void only if the court which rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process, or if the judgment was procured through fraud or collusion. We shall leave any reconsideration of *Pollins* v. *McGovern*, 110 R.I. 186, 291 A.2d 418 (1972), to another day.