STATE

v.

**Kenneth HOWARD et al.**

**No. 96–655–M.P.**

Supreme Court of Rhode Island.

Feb. 27, 1998.

Rebecca Tedford Partington, Aaron L. Weisman, Providence.

John William Dineen, Providence.

**ORDER**

This case came before a panel of this court on a petition for certiorari filed by the State of Rhode Island's Water Resources Board (Board). We issued a writ of certiorari to review a District Court justice's pretrial order in a pending eviction case which in part directed the Board to proceed with certain repairs to the roof of premises occupied by the respondents, Kenneth and Dorothy Howard (Howards), who were the tenants of the Board. This court issued a stay of that aspect of the District Court's order, subject to the duty of the Board to make such emergency repairs as it deemed necessary to protect the health and safety of the occupants of the premises. We also ordered the parties to show cause why the issues raised in the petition should not be decided summarily. After reviewing their legal briefs and hearing their arguments, we now conclude that no cause has been shown and that the petition can be decided at this time.

After this court granted the petition for a writ of certiorari to review those parts of the District Court order requiring roof repair or replacement, the eviction action proceeded to trial in the District Court, judgment entered for the Howards, and the eviction complaints were dismissed. The Board then filed a timely appeal from the District Court's judgment with the Superior Court, where it is entitled to obtain a trial de novo pursuant to G.L. 1956 § 9–12–10.1. The Board's appeal had the following effects. First, under § 9–12–10.1, it caused the case to be "removed for trial on all questions of law and fact to

the superior court." *Id.* In addition, the Board's appeal vacated the judgment entered in the District Court, *see Harris v. Turchetta,* 622 A.2d 487, 490 (R.I.1993), subject to reinstatement if the party appealing from the District Court judgment (the Board) withdrew its appeal at any time prior to trial. *See Putnam Furniture Leasing Co. v. Borden,* 539 A.2d 73, 74 (R.I.1988).

Absent evidence of such a withdrawal here, the District Court's repair order which was the subject of the certiorari petition no longer exists and nothing remains for this court to review. Therefore, the Board is under no obligation to make any repairs to the premises as provided for in that order beyond those repairs that have already been performed and completed.

For these reasons, the petition for certiorari is denied and the writ previously issued is quashed as moot. The papers in this case shall be remanded to the Superior Court where the appeal from the District Court's judgment is currently pending.

BOURCIER and GOLDBERG, JJ., did not participate.