DECISION
This matter is before the Court on an appeal of Roy LaCroix ("Appellant") from a decision of the Zoning Board of Review of the Town of Westerly (the "Board") and a Motion to Sustain Appeal of the Notice of Violation and Order. The Board's decision, dated March 5, 2008 and issued March 24, 2008, denied Appellant's administrative appeal of a Notice of Violation and Order issued pursuant to provisions of the Town of Westerly Zoning Ordinance (the "Ordinance"). Appellant filed a timely complaint with this Court on April 11, 2008. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 I Facts and Travel
In February of 2007, the Board received information that tenants were occupying the first floor of Appellant's property, located on Beach Street and designated as Lot 105 on Westerly Tax Assessor's Plat 86 (the "Property"). On March 29, 2007, the Zoning Official for the Town of Westerly issued a Notice of Violation and Order to Appellant. The Order declared that Appellant's use of the Property violated the Ordinance because the property's zoning designation as Mixed Commercial-Residential Use within a General Commercial Zone did not permit residential use on the first floor. See Decision. On April 26, 2007, Appellant appealed the *Page 2 
Notice of Violation and Order to the Board. On March 5, 2008, the Board denied the appeal. On April 11, 2008, Appellant appealed the Board's decision to the Superior Court pursuant to § 45-24-69. On May 7, 2008, within the thirty-day period prescribed by § 45-24-69(a), the Board filed a timely Entry of Appearance; the Board did not, however, file the statutorily required record that is at issue here. Id.
On November 18, 2008, Appellant filed a Motion to Sustain Appeal.Id. Appellant argues that the Board cannot succeed on appeal because it failed to file the record with the clerk of the court pursuant to § 45-24-69(a). The Board has objected to Appellant's motion, arguing that such a sanction is inappropriate where the failure to file within the thirty-day proscribed period was due to administrative oversight and that the untimely filing did not prejudice Appellant. The record of the case has since been filed with the clerk of the court.
 II Analysis
Section 45-24-69(a) provides that "[t]he zoning board of review shall file the original documents acted upon by it and constituting the record of the case appealed from, or certified copies, together with other facts that may be pertinent, with the clerk of the court within thirty (30) days after being served with a copy of the complaint." Appellant argues that, pursuant to § 45-24-69(a), the Board's untimely submission serves as grounds for this Court to sustain his appeal without further proceedings. This Court now holds that the mandatory language of § 45-24-69(a) provides the Court with discretion to fashion a remedy for noncompliance with that section's procedural requirements; however, the facts of this case do not warrant a sanction that would amount to a default judgment.
A. The Board's failure to comply with the time requirement of§ 45-24-69(a) does not require this Court to sustain Appellant's appeal ofthe Board's decision. *Page 3 
The first issue presented is whether the Board's failure to comply with the procedural mandates of § 45-24-69(a) requires this Court to sustain Appellant's appeal. There is no question that the language of § 45-24-69(a) is mandatory: the statute provides in relevant part that the Board "shall file the original documents acted upon by it and constituting the record of the case appealed from . . . with the clerk of the court within thirty (30) days after being served with a copy of the complaint." The statute, however, does not specify what shall be the effect of failure to comply with this thirty-day filing requirement.
"It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings."Keystone Elevator v. Johnson Wales Univ., 850 A.2d 912, 918 (R.I. 2004) (quoting State v. DiCicco, 707 A.2d 251, 253 (R.I. 1998)). Conversely, it is equally well established that if the language of a statute is unclear or ambiguous, then the Court will examine the statute in its entirety, and "will glean the intent and purpose of the Legislature `from a consideration of the entire statute, keeping in mind [the] nature, object, language and arrangement' of the provisions to be construed." DiCicco, 707 A.2d at 253, n. 1 (quoting In re Advisory tothe Governor, 668 A.2d 1246, 1248 (R.I. 1996)).
Here, § 45-24-69 is ambiguous in that it provides a mandatory deadline for the Town to file the record, but does not provide any remedy where the Town fails to comply with this mandatory deadline. The statute as a whole likewise provides no guidance as to an appropriate remedy. Accordingly, this Court will look to analogous situations for guidance in interpreting § 45-24-69.
Appellant has filed a "Motion to Sustain the Appeal," to which the closest analogue is a motion for default judgment. A default judgment is "[a] judgment entered against a defendant *Page 4 
who has failed to plead or otherwise defend . . . [or] a judgment entered as a penalty against a party who does not comply with an order."Black's Law Dictionary (7th Ed.). Like a motion for default judgment, Appellant's motion seeks a disposition of this case based only on the Board's failure to comply with a procedural requirement. Indeed, the Board's failure to file the record is very similar to the most common grounds for entry of a default judgment: failure to answer the complaint and failure to respond to discovery orders. See Super. R. Civ. P. Rules 37, 55. Accordingly, this Court will now look to the law of default judgments for guidance here.
The power to issue default judgments predates the rules and is, in fact, an inherent power of trial courts. See Wright, Miller Kane,Federal Practice and Procedure § 2681 at 7 (citing Thomson v.Wooster, 5 S.Ct. 788, 114 U.S. 104, 29 L.Ed. 105 (1885)); Rao v. WMASecurities, Inc., 752 N.W.2d 220, 252-53 (Wis. 2008) ("the trial court has an inherent power to . . . grant a default judgment") (internal quotation omitted); Gonzalez v. Safe and Sound Security Corp.,881 A.2d 719, 728 (N.J. 2005) (recognizing "the trial court's inherent power to enter a default judgment"). Indeed, "a court has inherent power to dismiss lawsuits and default defendants, power `governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Ramil v. Keller, 726 P.2d 254, 262 (Haw. 1986) (quotingLink v. Wabash R. Co., 370 U.S. 626, 630-632 (1962)); see also Chambersv. NASCO, Inc., 501 U.S. 32, 46 (1991).[1] However, default *Page 5 
judgments are strongly disfavored by Rhode Island courts even where allowed by rule or statute. In light of Rhode Island's policy "of trying to dispose of cases on their merits rather than on procedural defaults,"Gosset v. Reid, 764 A.2d 138, 140 (R.I. 2001), the Supreme Court has noted that "[j]udgment by default is a drastic remedy which should only be employed in extreme situations." Medeiros v. Hilton Homes, Inc.,122 R.I. 406, 410, 408 A.2d 598, 600 (1979). Accordingly, the Supreme Court has held that it is an abuse of discretion to grant a motion for default judgment absent "persistent refusal or defiance or bad faith" in failing to comply with discovery. See Senn v. Surgidev, 641 A.2d 1311, 1319
(R.I. 1994).
Here, the Board's noncompliance was not characterized by persistent refusal or defiance or bad faith; instead, the Board inadvertently failed to file the record within the deadline established by § 45-24-69.Cf. Senn, 641 A.2d at 1319; Medeiros, 408 A.2d at 600. Even if there were evidence of bad faith, the law is devoid of support for the proposition that the Court is required to sustain Appellant's appeal. Because there is no "extreme situation" here, and because a trial justice is not required to enter a default judgment even under appropriate circumstances, the law of default judgments simply does not support the proposition that this Court must sustain the appeal.
Appellant's "Motion to Sustain the Appeal" also finds an analogue in an agency's motion to dismiss an administrative appeal. See Senn,641 A.2d at 1318 (comparing dismissal and default as "very severe sanctions"). Administrative appeals may be subject to the harsh remedy of dismissal where an appellant fails to comply with procedural requirements. See, e.g., Armstrong v. Armstrong, 115 R.I. 144, 146,341 A.2d 37, 39 (1975) ("A litigant will not be deprived automatically of an appellate review because of a failure on his part to comply with *Page 6 
procedural rules. However, under the rules it is clear that a trial justice may dismiss an appeal for that reason. . . ."). Appellant urges this Court to balance the equation by recognizing an equally harsh remedy for the Board's failure to comply with the procedural requirements of § 45-24-69. A review of recent case law, however, demonstrates that an appellant's noncompliance is generally fatal to an appeal only where the statute governing the appellate process expressly provides that its procedural requirements are precedent to jurisdiction.
For example, the Supreme Court has determined that noncompliance with the ten-day notice deadline of § 45-24-69.1(b) does not require the Superior Court to dismiss a zoning appeal, because that section's deadline is not an express prerequisite to Superior Court jurisdiction.See Jeff Anthony Properties v. Zoning Bd. of Rev. of the Town of NorthProvidence, 853 A.2d 1226, 1231-32 (R.I. 2004). Section 45-24-69.1
provides that "notice of the appeal [of the zoning board decision]shall be mailed [to those entitled to notice] within ten (10) business days of the date that the appeal is filed." (Emphasis added.) InJeff Anthony Properties, the Supreme Court analyzed this statute's notice provision and determined that "although the Legislature clearly stated that zoning appeals are to be `governed' by §§ 45-24-69 and45-24-69.1, it did not go so far as to denominate the notice provisions of § 45-24-69.1 as conditions precedent to jurisdiction." Jeff AnthonyProperties, 853 A.2d at 1231-32. Instead, the Court held that "[a]bsent clear statutory language that the . . . notice requirement is jurisdictional, . . . a party's failure to so comply does not automatically require that it forfeit its right to appeal an adverse decision of a zoning board." Id. at 1232.
In contrast, the Supreme Court has determined that noncompliance with the thirty-day record filing deadline of G.L. 1956 § 33-23-1 does require dismissal of a probate appeal, because that section's deadline is an express prerequisite to Superior Court jurisdiction. See Griggsv. *Page 7 Estate of Griggs, 845 A.2d 1006, 1009-10 (R.I. 2004). The language of § 33-23-1(a)(2) closely mirrors that of § 45-24-69: "Within thirty (30) days after the entry of the order or decree, the appellant shall file in the superior court a certified copy of the claim and record and the reasons of appeal specifically stated. . . ." However, § 33-23-1(e) expressly provides that the procedural requirements of § 33-23-1(a)(2) are jurisdictional: "the deadline of subsections (a)(1) and (a)(2) of this chapter are jurisdictional and may not be extended by either theprobate court or the superior court, except for purposes of extending the time to file the transcript under subsection (c)." Section 33-23-1(e) (emphasis added in Griggs, 845 A.2d at 1009). Because this subsection clearly and unambiguously provides that the deadline requirement is jurisdictional, the court in Griggs held that the superior court lacks jurisdiction where the appellant fails to file timely under § 33-23-1(a)(2). Griggs, 845 A.2d at 1009.
Here, § 45-24-69 lacks any clear and unambiguous statutory language providing for the drastic remedy of default. This absence of language is more similar to Jeff Anthony Properties than to Griggs, and the holdings of those cases therefore suggest that the drastic remedy of sustaining the appeal without reaching the merits of the case is inappropriate here. See Jeff Anthony Properties, 853 A.2d at 1232; Griggs,845 A.2d at 1009. Accordingly, this Court is satisfied that the Board's failure to comply with the record filing deadline does not "automatically require that it forfeit its right" to defend against this appeal. See JeffAnthony Properties, 853 A.2d at 1232.
In sum, the law of default judgments and dismissals provides no support for the position that this Court is required to sustain the appeal due to the Board's failure to comply with the thirty-day requirement of § 45-24-69.
B. Although § 45-24-69 does not provide any remedy for failure tocomply with its mandatory deadline, this Court has discretion to sustainthe appeal if the Board's *Page 8 reasons for noncompliance are inadequate and Appellant isprejudiced.
Although this Court is not required to sustain the appeal, this Court does have the inherent authority to enter a default judgment in order "to achieve the orderly and expeditious disposition of cases. . . ."See Link, 370 U.S. at 630-632. Moreover, default judgments are generally available "based on a party's failure or omission to take a necessary step in a court action within the proper time," see Am. Jur. 2dJudgments § 253 at 585; the Board's failure to file the record within the time prescribed by § 45-24-69 fits within this general rule. Accordingly, the Court holds that it may default the Board and sustain the appeal at its discretion based on the Board's failure to file the record. However, because default judgment is a drastic remedy limited to extreme situations, this Court will only resort to sustaining the appeal if (1) the reasons for the Board's untimely filing are inadequate and (2) Appellant has been prejudiced by the delay.[2] See Jeff AnthonyProperties, 853 A.2d at 1232 (holding that dismissal for failure to comply with procedural requirements "would be proper only after considering the reasons, if any, for lack of compliance, as well as any prejudice to the interested party"); see also Wright, Miller Kane,Federal Practice and Procedure § 2685 at 32-38 (listing reasons for noncompliance and prejudice as factors for the court to consider on a motion for default judgment).
1. Reasons for Noncompliance
This Court must first consider the reasons for the Board's noncompliance with the thirty-day requirement established by § 45-24-69. The Board argues that its failure to timely file was due to a "minor procedural oversight." (Def. Mem. 1.) "It is well settled that unexplained neglect, whether by a party or its counsel, standing alone, will not automatically excuse *Page 9 
noncompliance with orderly procedural requirements." JacksonbayBuilders, Inc. v. Azarmi, 869 A.2d 580, 584 (R.I. 2005) (quotingAstors' Beechwood v. People Coal Co., 659 A.2d 1109, 1115 (R.I. 1995)). The excuse of a "minor procedural oversight" is really nothing more than unexplained neglect. Just as unexplained neglect alone will not automatically excuse noncompliance, neither will it automatically provide grounds for defaulting the Board and sustaining the appeal unless there has been some prejudice to Appellant. Accordingly, this Court must now consider whether Appellant was prejudiced by the Board's oversight.
2. Prejudice to Appellant
Both parties concede that the Board filed the record at some point after the Motion to Sustain Appeal was filed by the Appellant in November 2008, nearly six months after the statutory guideline; however, the parties dispute whether this delay resulted in prejudice to Appellant. The Supreme Court has held that a zoning board's untimely filing of a decision was without adverse effect where "petitioners point[ed] to nothing that would so much as suggest they were prejudiced." See Piccerelli v. Zoning Board of Review of the Town ofBarrington, 266 A.2d 249, 253 (R.I. 1970). Therefore, absent any showing of prejudice, this Court will not exercise its discretion to sustain the appeal.
Here, although Appellant asserted at oral argument that he was prejudiced by the Board's untimely filing of the record, he failed to set forth any suggestion as to what that specific prejudice he actually suffered. Instead, Appellant argued tautologically that he was prejudiced because he was prejudiced. This illusory argument is of no avail to Appellant, especially in light of the facts that Appellant has continued to use the first floor residential apartments and that the Town has not pursued any additional enforcement actions against Appellant. Appellant's claim of prejudice is devoid of any factual basis and, therefore, does not provide grounds for this Court *Page 10 
to sustain the appeal without reaching the merits of the case. SeePiccerelli, 266 A.2d at 253. Absent such grounds, this Court declines to exercise its discretion, and denies Appellant's motion to sustain the appeal.
 III Conclusion
This Court holds that the Board's failure to comply with the time requirement of § 45-24-69 gives this Court discretion to sustain the appeal without passing on the merits of the case; however, this Court declines to exercise its discretion here because the Appellant has not been prejudiced by the untimely filing of the record. Accordingly, Appellant's motion is denied.
Counsel shall submit an order within ten days.
[1] In addition to quoting the same language from Link,370 U.S. at 630-632, the Chambers court further discussed the interplay between this inherent power and subsequent rules and statutes:
 We discern no basis for holding that the sanctioning scheme of the statute and the rules displaces the inherent power to impose sanctions. . . . These other mechanisms, taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than other means of imposing sanctions. . . . [W]hereas each of the other mechanisms reaches only certain individuals or conduct, the inherent power extends to a full range of litigation abuses. At the very least, the inherent power must continue to exist to fill in the interstices. Chambers, 501 U.S. at 46.
Here, where there is no express rule or statutory penalty for failure to comply with a procedural requirement, this Court must consider whether and how to "fill in the interstices." See id.
[2] Some showing of bad faith might also be necessary to support a default judgment, but this Court need not consider that issue because Appellant has not demonstrated prejudice. *Page 1