DECISION
Before the Court is the Motion of the Defendants Ling Cheng and Bing Qi Hao to Vacate the Judgment by Default.
 Facts and Travel
Plaintiffs K S Builders, Inc. and Kevin J. Ferro ("the builders") allege that they are contractors who agreed to make significant improvements to Defendants' home. They allege that they are due $37,502.61 pursuant to written contracts.
The builders filed suit in March of 2008. Promptly after Defendants Ling Cheng and Bing Qi Hao filed an answer, the builders issued a request for production and interrogatories. In July, 2008, having received no response to the discovery requests, the builders filed a motion to compel. Thirty day orders were granted and mailed to defense counsel. In October, 2008, still not having received responses, the builders moved to default the Defendants. On December 15, 2008 this Court entered an order defaulting all *Page 2 
four Defendants. The order was mailed to the Defendants promptly. Still, there was no response.
In February, 2009, the builders filed a motion for "Oral Proof of Claim to Enter Judgment", scheduling the hearing for February 23, 2009.[1] The case came before the Court on February 23, 2009 and judgment was granted. Several weeks later, the judgment document was sent to the hearing judge, and the judgment was signed on March 26, 2009.[2]
Over the next few months, the builders sought post judgment relief. They obtained executions, and served them on Ling Cheng and Bing Qi Hao on July 17, 2009. Still, there was no response, and demands for payment were simply refused.
Three months later, apparently in response to Court citations, the Defendants moved to vacate the judgment.
 The Standard for Vacating the Judgment Court Rules prescribe the procedure for vacating a judgment:
 Rule 60. Relief from Judgment or Order
 (a) Clerical Mistakes . . .
 (b) Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; *Page 3 
(4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment . . . Super. R. Civ. P. Rule 60
The Court looks to Defendants' memorandum and argument to consider what section to apply. Defendants cited no specific subsection of the rule, even though the moving party is obligated to inform the court what section it relies upon. Shannon v. Norman Block,Inc., 106 R.I. 124, 256 A.2d 214 (1969). Defendants' supplemental memorandum references no subsection of the rule but only alleges that a jurisdictional defect deprived the court of jurisdiction to enter a judgment. While the Defendants may have a meritorious defense[3], it remains their burden to establish the proof to justify the grant of relief under this rule. Iddings vMcBurney, 657 A.2d 550, 553 (R.I. 1995).
The default was entered because interrogatories were not answered after eight months. At the hearing of October 22, 2009, this Court noted that several specific interrogatories still remained unanswered. Even now, over 20 months after the discovery was propounded, after hearings on the motion to vacate, and after a warning from the motion justice, there is no showing that the discovery was ever appropriately answered.
After the hearings, the Defendants focus on two remaining contentions: first, that the harm was caused by their attorney alone, and second, that the moving party failed to provide adequate notice for the oral proof of claim. *Page 4 
Although the Defendants claim their dilemma was caused by the failure of their attorney to keep them informed, they offer little proof of the cause of their unresponsiveness. Even if the attorney was to blame, the attorney's negligence, if any, is imputed to the clients.
 [W]e have held that clients must be held accountable for the acts and omissions of their attorneys. In Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), we held that a client may be made to suffer the consequence of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial conference. In so concluding, we found `no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client.' Id., at 633, 82 S.Ct. at 1390 .
 *** Consequently, . . . the proper focus is upon whether the neglect of [the clients] and their counsel was excusable. Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 396-97, 113 S.Ct. 1489, 1499, 123 L.Ed.2d 74, 90-91 (1993).[4]
Nevertheless, there was no showing that the attorney alone was at fault, that the clients were in contact with their attorney, or that the clients attempted to resolve any of the discovery problems. If the clients reviewed the interrogatory answers they executed under oath, they knew that their answers were incomplete and unresponsive. Even now, threatened with a final judgment, they have done nothing to remedy the deficient, evasive responses. The neglect of Ling Cheng, and Bing Qi Hao is inexcusable.
 Notice of the Judgment Hearing
The individual Defendants also allege that the notice of the oral proof of claim was inadequate. Super. R. Civ. P. Rule 55 states in part: *Page 5 
 b) Judgment. Judgment by default may be entered as follows:
 (1) By the Clerk. . . .
 (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a guardian, guardian ad litem, or such other representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 10 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by statute. (emphasis added.)
Because Ling Cheng and Bing Qi Hao filed an answer, they were entitled to notice of the damage hearing. At the October 22 hearing, the Court remarked that the notice seemed to be less than the required ten days. Although the Court file reflects that the oral proof documents were filed on February 11, the certificationseems to reflect that the notice was mailed to defense counsel on February 14. The Court queried if this alleged delay may constitute an error of law or some just reason for vacating the judgment, and continued the hearing for the parties to research the issue.
Again, even at the continued hearing, there was no showing that if the Defendants received ten days notice, they would have appeared. Indeed, Defendants did not respond to the court for another six months. The oral proof of claim was concluded on February 23, 2009, but the judgment was not entered until April 3, 2009. Still, the Defendants never responded. *Page 6 
The two cases cited by the Defendants in this motion are readily distinguishable. In Medeiros v. Hilton Homes,122 R.I. 406, 408 A.2d 598 (R.I. 1979) the defendant appears to have been present at the oral proof of claim, but was barred from participating. In the case at bar, the Defendants never attempted to participate: at the hearing, ten days after or for the following eight months.
In Pollins v. McGovern,110 R.I. 186, 291 A.2d 418 (R.I. 1972) no notice was given to a defendant who had appeared, even though the rule required notice. The court held that the defendant, having appeared, was entitled to appear at the hearing on damages. In the case at bar, the Defendants received notice, though notice may have been untimely. Weeks later, this Court entered judgment.
This Court is mindful of the warnings of the High Court in considering such a motion. Consistently the Rhode Island Supreme Court extolled "judgment by default is a drastic remedy which should only be employed in extreme situations". Tonetti Enterprises,LLC v. Mendon Road Leasing Corp., 943 A.2d 1063 (R.I. 2008), citing Medeiros 122 R.I. at 410, 408 A.2d at 600. This case is an unusual, extreme situation where defendants ignored the litigation, evaded the discovery responses and failed to appear for months, even though they received notice of a potential entry of judgment. Defendants have failed to justify their motion for relief from judgment, pursuant to Super. R. Civ. P. Rule 55 or the cases which construe it. Defendants never explained their delay, never corrected their discovery responses, and never afforded any cogent reasons for their delay.
The motion of the Defendants, Ling Cheng and Bing Qi Hao, to vacate the judgment is denied.
[1] The certification for this motion appears to indicate the motion was mailed to the Defendants on February 14, 2009. The handwritten date is not completely clear. However, the motion and the omnibus calendar assignment form were received by this Court on February 11, 2009 with the certification already signed.
[2] Another judgment document was signed on April 3, 2009.
[3] Defendants' affidavit of October 20, 2009 claims the quality of the workmanship was substandard.
[4] This holding was followed in Bailey v. Algonquin GasTransmission Co. 788 A.2d 478, 484 (R.I. 2002).