**VAL–GIOIA PROPERTIES, LLC**

v.

**Earl BLAMIRES et al.**

**No. 2009–92–Appeal.**

Supreme Court of Rhode Island.

May 9, 2011.

Jeffrey C. Schreck, Providence, Esq., for Plaintiff.

Seth A. Perlmutter, Esq., for Defendant.

Present: SUTTELL, C.J.,
GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on October 27, 2010, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. The defendants, Earl Blamires (Earl), Earl's wife, Sylvia Blamires (Sylvia), and Earl's son, Brian Blamires (Brian and collectively the Blamires), appeal from a Superior Court judgment denying their appeal from a District Court default judgment entered in favor of the plaintiff, Val–Gioia Properties (plaintiff or Val–Gioia). After reviewing the memoranda submitted by the parties and the arguments of counsel, we are satisfied that cause has not been shown; thus, the appeal may be decided at this time. For the reasons set forth below, we vacate the judgment of the Superior Court and remand the case for proceedings consistent with this opinion.

### Facts and Travel

This case has a tortured history, with litigation in the District and Superior Courts that has spanned more than four years. The dispute itself dates to April 2004, when the Johnston police responded to a complaint that the Blamires were dumping a considerable amount of debris onto land owned by Val–Gioia. The plaintiff has sought damages for cleanup costs. In October 2006, Val–Gioia filed a complaint against defendants—alleging nuisance and trespass—in the Third Division District Court. In response, Earl and Brian sent identical letters to counsel for plaintiff in which each man "categorically den[ied] all of the counts listed in this summons, as pertaining to this writer and his wife." Additionally, Earl notified counsel that he was unable to attend the trial date because of a doctor's appointment,

and Brian informed plaintiff's counsel that he would be out of state on business. Although these letters were delivered to the District Court and placed in the court file, neither defendant retained counsel nor did anyone appear on the scheduled date.

The plaintiff's counsel, by way of written response to defendants' letters, notified Earl that his letter "does not constitute a proper [a]nswer" and that the Blamires should retain counsel to represent them. Addressing the scheduling issue, counsel for plaintiff stated that the case was assigned for trial on November 21, 2006, unless defendants' lawyer contacted her to arrange for a different date by stipulation. When defendants failed to appear on November 21, 2006, the District Court judge granted plaintiff's motion for default judgment and the case was continued to January 2, 2007, for oral proof of claim.

Meanwhile, counsel entered an appearance on behalf of defendants, moved to vacate the default judgment and requested a one-week continuance of a January 2, 2007 date, based on a previously scheduled trial. The District Court record discloses that on January 9, 2007, defendants' motion to vacate the default judgment was denied and "judgment by default shall remain in full force" because "no excusable neglect has been shown." The District Court judge heard evidence on plaintiff's oral proof of claim and reassigned the case to January 16, 2007, "to render decision." (Emphasis added.)

However on January 10, 2007, the day after the denial of the motion to vacate the default judgment, counsel for defendants filed an appeal to the Superior Court from the denial of the motion to vacate the default judgment. Inexplicably, on January 10, and not on January 16, the District Court docket reflects that, on that same day, final judgment for $6,400 was entered. Although the genesis of this judgment is unclear, the Superior Court was presented with a default judgment in the amount of $6,400, plus $2,112 in attorney's fees.

In the Superior Court, at the urging of the parties, the trial justice initially conducted a bench trial, and the case was reserved for decision.[1] However, the trial justice, clearly troubled by the long and winding road the case already had taken, issued two decisions in the case, ten months apart. In the first decision, issued on November 30, 2007, the trial justice concluded that because he was confronted with an appeal from the entry of a default judgment, the Superior Court did not have subject-matter jurisdiction to hear the merits of the case and that he erred in conducting the brief bench trial.[2] The trial justice continued the case for a new hearing on the issue of whether the default judgment should be vacated.

Time marched on. On May 30, 2008, the trial justice, hearing nothing from the parties, and having concluded that the Superior Court did not have subject-matter jurisdiction to hear the case, issued an order remanding the case to District Court;

---

1. To the extent that testimony was taken in this case, the Court has not been provided with a transcript. We have held that "[t]he deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business." *Hagopian v. Hagopian*, 960 A.2d 250, 254 (R.I.2008) (quoting *731 Airport Associates, LP v. H & M Realty Associates, LLC*, 799 A.2d 279, 282 (R.I.2002)).

2. The Superior Court cited *Burns Electronic Supply Co. v. Westmoreland*, 116 R.I. 332, 340 n. 4, 356 A.2d 479, 483 n. 4 (1976), for the proposition that in cases in which the Superior Court should reverse the District Court's denial of a motion to vacate a default, the trial justice must enter judgment removing the default and remand the case to the District Court for trial on the merits.

however, he directed that the default judgment "remain in full force and effect." One month later, the trial justice vacated his remand order and, apparently at the request of the parties, agreed to hear arguments relative to the default judgment. A *de novo* hearing was held "on the issue of whether the District Court default judgment should be vacated." We have not been provided with a transcript of that hearing.

On October 2, 2008, the trial justice issued a second decision, in which he concluded that the District Court properly had entered a default judgment and that defendants had failed to show excusable neglect sufficient to overcome the default. On October 16, 2008, final judgment was entered on behalf of the plaintiff. It is from this judgment that defendants appealed to this Court.

The defendants have set forth several arguments to support their appeal. First, defendants assert that the District Court erred in issuing a default judgment and in denying defendants' motion to vacate the judgment. Secondly, defendants argue that it was an abuse of discretion for the Superior Court to affirm the denial of the motion to vacate the District Court's entry of default judgment. The plaintiff argues that the Superior Court correctly affirmed the denial of defendants' motion to vacate.

## Analysis

■ Despite the number of issues raised on appeal, this Court need make but one determination, and it is dispositive. Because we are satisfied that defendants answered the case, the default judgment was entered in disregard of Rule 55 of the District Court Civil Rules.

■ The entry of a default judgment is a two-step process; the court or the clerk of the court first enters a default; there then follows a default judgment that must be entered in accordance with Rule 55. *See Medeiros v. Hilton Homes, Inc.*, 122 R.I. 406, 409, 408 A.2d 598, 599 (1979) ("A full reading of Rule 55 shows that it embraces two steps: the entry of a default, which is then to be followed by the entry of a default judgment."). The mischaracterization of what transpired on November 21, 2006, as a default judgment, rather than as an order signifying that defendants were defaulted for failure to appear for trial, is an error that rendered the default judgment void *ab initio*.

Although defendants were not present when the case was called on November 21, 2006, they did in fact answer the complaint and deny the allegations, thus signifying their intention to defend the action. Rule 55(b)(2) provides that a "party entitled to a judgment by default shall apply to the court," but in cases in which "the party against whom judgment by default is sought has appeared in the action, the party * * * shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application." In the letters that were written and signed by Earl and Brian, each man, on his own behalf (and purportedly on behalf of his spouse), "categorically den[ied] all of the counts listed in the complaint." "The appearance required by [Rule 55] has been broadly defined and [is] not limited to a formal court appearance." *Tonetti Enterprises, LLC v. Mendon Road Leasing Corp.*, 943 A.2d 1063, 1071 (R.I. 2008) (quoting *Medeiros*, 122 R.I. at 410, 408 A.2d at 600). Thus, when the defaulted party has indicated his or her intent to defend the action, the party has appeared for purposes of Rule 55. *Id.* As such, the party must be served with written notice of the application for default judgment "at least three (3) days prior to the hearing on [the] application." *Id.* (quoting Rule 55(b)(2)).

At the time the District Court granted plaintiff's motion for a default judgment, plaintiff had not applied to the District Court for the entry of a judgment in accordance with Rule 55(b)(2), nor were defendants "served with written notice of the application for judgment at least three (3) days prior to the hearing[,]" nor had plaintiff filed an affidavit of non-military service, as required by Rule 55(b)(3). This Court has declared that "default judgments are void if the moving party does not comply with the requirements for providing notice of the pending entry of the default." *Tonetti Enterprises, LLC,* 943 A.2d at 1071 (quoting *Allstate Insurance Co. v. Lombardi,* 773 A.2d 864, 869 (R.I. 2001)).

■ When a case is appealed to Superior Court, G.L.1956 § 9–12–10 provides in pertinent part that: "in all civil cases in the [D]istrict [C]ourt, any party may cause the case to be removed for trial *on all questions of law and fact* to the [S]uperior [C]ourt for the county in which division the suit is pending, by claiming an appeal from the judgment of the [D]istrict [C]ourt * * *." (Emphasis added.) The Court has declared that this statutory right of appeal entitles the appealing party to a *de novo* hearing by the Superior Court, whereby the Superior Court justice may make credibility determinations and should use "his [or her] independent judgment in ruling on the merits of the case." *Downtown Group, LLC v. Tine,* 769 A.2d 621, 622 (R.I.2001) (mem.) (quoting *Finney Outdoor Advertising Co. v. Cordeiro,* 485 A.2d 910, 911 (R.I.1984)). Further, we

have determined that a Superior Court justice conducting a *de novo* appeal may not rely on the District Court's judgment because "when a judgment entered in the District Court has been appealed by an aggrieved party, the judgment is vacated * * *." *Harris v. Turchetta,* 622 A.2d 487, 490 (R.I.1993). "Indeed, the mere filing of the appeal vacates the District Court's judgment." *Bernier v. Lombardi,* 793 A.2d 201, 202 (R.I.2002). *See State v. Howard,* 706 A.2d 1355, 1356 (R.I.1998) (mem.) (holding that absent a withdrawal of an appeal to Superior Court, the District Court judgment no longer exists).

■ In the case before us, the Superior Court justice concluded that the Superior Court did not have subject-matter jurisdiction to pass on the merits of the case, notwithstanding the provisions of § 9–12–10. Based on this finding and after an evidentiary hearing, the trial justice "sustain[ed] and confirm[ed] the District Court's [d]efault [j]udgment." The Court then entered the judgment for the plaintiff. We deem this error. The District Court judgment was vacated when the defendants filed an appeal to the Superior Court. *Bernier,* 793 A.2d at 202; *Howard,* 706 A.2d at 1356; *Harris,* 622 A.2d at 490. The defendants were entitled to a trial *de novo* on all issues of fact and law, notwithstanding the entry of a default judgment in the District Court.[3] Significantly, by agreement of the parties, the Superior Court trial justice conducted a bench trial on the merits of the case although he reserved decision and the case took several detours. We now direct the Superior

3. To the extent the trial justice relied on the *obiter dictum* of our esteemed predecessor, Justice Kelleher, as set forth in a footnote in *Burns Electronic Supply Co.,* 116 R.I. at 340 n. 4, 356 A.2d at 483 n. 4, for the proposition that if the default is vacated by the Superior Court, the case should be remanded to the District Court for a trial on the merits, we

decline to follow that observation. The District Court judgment is vacated upon an appeal to the Superior Court, and the appealing party has a statutory right to have the Superior Court trial justice use his or her independent judgment in passing on the merits of the case. *Finney Outdoor Advertising Co. v. Cordeiro,* 485 A.2d 910, 911 (R.I.1984).

Court to make findings of fact on the merits of the case, and issue a decision and judgment.

## Conclusion

Based on the forgoing, we vacate the judgment of the Superior Court and remand for proceedings consistent with this opinion.